RECEIVED & FILED

2016 FEB 4 PM 4 22

CLERK OF COURT

**38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON**

**STATE OF LOUISIANA**

**DOCKET NO.** 10-19579

**THE PARISH OF CAMERON**

**VERSUS**

**APACHE CORPORATION (OF DELAWARE), BADGER OIL CORPORATION, BP AMERICA PRODUCTION COMPANY, CENTRAL RESOURCES, INC., CHEVRON U.S.A., INC., COVEY ENERGY, INC., DIASU OIL & GAS COMPANY, INC., EXCO RESOURCES, INC., GREAT SOUTHERN OIL & GAS COMPANY, INC., IBERIA OPERATING CORPORATION, OLEUM OPERATING COMPANY, L.C., SAMUEL GARY JR. & ASSOSIATES, INC., SHELL OIL COMPANY, SWEPI LP, TRANSCO EXPLORATION COMPANY, WEC ONSHORE, LLC AND ZADECK ENERGY GROUP, INC.**

FILED: _____          _____

                                                                    **DEPUTY CLERK**

_____

**PETITION FOR DAMAGES**
**TO THE**
**CAMERON PARISH COASTAL ZONE**

      **NOW INTO COURT** come plaintiffs, through undersigned counsel, to allege the following:

**PARTIES PLAINTIFF AND DEFENDANT**

**1.**

      The Plaintiffs are: (1) the PARISH OF CAMERON, and (2) the State of Louisiana *ex rel.* PARISH OF CAMERON. The Parish of Cameron is a local government of this State that has been authorized since 1983 to operate an approved Local Coastal Zone Management Program pursuant to La. R.S. 214.28. As shown more fully below, the Parish of Cameron is authorized by state statute to bring appropriate actions on its own behalf and in the name of the State of Louisiana for enforcement of the State and Local Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, the "**CZM Act of 1978**"), and the applicable regulations, rules, orders and ordinances promulgated or adopted thereunder by the State or

Black Bayou

**EXHIBIT 1**

Cameron Parish, as amended (hereinafter, collectively and together with the CZM Act of 1978, the "**CZM Laws**").

**2.**

Made defendants herein are the following entities (hereinafter, collectively, "**Defendants**"):

**APACHE CORPORATION (OF DELAWARE)** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.  Apache Corporation (of Delaware) is named as successor to **MW Petroleum Corporation**.

**BADGER OIL CORPORATION** is a domestic corporation incorporated under the laws of Louisiana and domiciled in Lafayette, Louisiana, whose registered agent, Arthur J. Price, is located at 3861 Ambassador Caffery #400, Lafayette, LA 70503.

**BP AMERICA PRODUCTION COMPANY** is a foreign corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., STE. 400B, Baton Rouge, LA 70808.  BP America Production Company is named as successor to **Amoco Production Company**.

**CENTRAL RESOURCES, INC.** is a foreign corporation whose registered agent, Capitol Corporate Services, Inc., is located at 36 South 18th Avenue, Ste. D, Brighton, CO 80601.

**CHEVRON U.S.A. INC.** is a foreign corporation whose registered agent, The Prentice-Hall Corporation System, Inc., is located at 320 Somerulos St., Baton Rouge, LA 70802. Chevron U.S.A., Inc. is named as successor to **The California Company**.

**COVEY ENERGY, INC.** is a domestic corporation whose registered agent, Mitchell L. Carroll, is located at 436 Highway 171 North, Lake Charles, Louisiana 70611.

Black Bayou

**DIASU OIL & GAS CO., INC.** is a foreign corporation whose registered agent for service of process is CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**EXCO RESOURCES, INC.** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**GREAT SOUTHERN OIL & GAS CO., INC.** is a domestic corporation, incorporated under the laws of Louisiana, and domiciled in Youngsville, Louisiana. Great Southern Oil & Gas Co., Inc.'s registered agent, Donna M. Gee, is located at 3250 Solitude Court, Kissimmee, FL 34746.

**IBERIA OPERATING CORPORATION** is a domestic corporation whose registered agent, Daniel C. Hughes, is located at 126 Heymann Boulevard, Lafayette, Louisiana 70503.

**OLEUM OPERATING COMPANY, L.C.** is a foreign limited liability company whose registered agent, John M. Shuey, Jr., is located at 401 Edwards Street, Suite 1300, Shreveport, Louisiana 71101.

**SAMUEL GARY JR. & ASSOCIATES, INC.** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**SHELL OIL COMPANY** is a foreign corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

**SWEPI LP** is a foreign partnership whose registered agent, C T Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808. Swepi LP is named as successor to **Shell Western E&P, Inc.**

**TRANSCO EXPLORATION COMPANY** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

Black Bayou

**WEC ONSHORE, LLC** is a foreign limited liability company whose registered agent, Capitol Corporate Services, Inc., is located at 8550 United Plaza, Building II, Suite 305, Baton Rouge, Louisiana 70809. WEC Onshore, LLC is named as successor to **Rimco Production Company, Inc.**

**ZADECK ENERGY GROUP, INC.** is a domestic corporation whose registered agent, Donald J. Zadeck, is located at 401 Market Street, Suite 480, Shreveport, Louisiana 71101.

## AREAL EXTENT OF COMPLAINED-OF OPERATIONS

### 3.

In general, Plaintiffs allege below that certain of Defendants' oil and gas exploration, production and transportation operations associated with the development of the Black Bayou, South Black Bayou and Gum Cove Oil & Gas Fields in Cameron Parish were conducted in violation of the CZM Laws and that these activities caused substantial damage to land and waterbodies located in the "**Coastal Zone**" (hereinafter so called), as defined by the CZM Act of 1978, within Cameron Parish. A map of the entire Louisiana Coastal Zone is attached hereto as Exhibit A.

In the detailed allegations that follow, the term "**Operational Area**" (hereinafter so called) is used to describe the geographic extent of the area within which the complained-of operations and activities occurred. On information and belief, the areal extent of the Operational Area is identified on the maps contained in Exhibit B attached hereto.

## JURISDICTION, VENUE, AND STATUTORY AND REGULATORY FRAMEWORK

### 4.

The CZM Act of 1978 states that it is the public policy of the state "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone." La. R.S. 49:214.22(1).

Black Bayou

**5.**

Louisiana's Coastal Zone is specifically defined in La. R.S. 49:214.24(5). *See* Exhibit A. The Coastal Zone includes "the coastal waters and adjacent shorelands within the boundaries of the coastal zone . . . ." The term "coastal waters" includes "bays, lakes, inlets, estuaries, rivers, bayous, and other bodies of water within the boundaries of the coastal zone which have measurable seawater content (under normal weather conditions over a period of years)." La. R.S. 49:214.23(4).

**6.**

The Operational Area is located in Cameron Parish and within the Coastal Zone, and therefore certain activities within the Operational Area are governed by the CZM Laws.

**7.**

The CZM Laws regulate certain "*uses*" within the Coastal Zone.  La. R.S. 49:214.30 states that "[n]o person shall commence a use of state or local concern without first applying for and receiving a coastal use permit." A map of the coastal use permits known to have been issued for work within the Operational Area is attached hereto as Exhibit C.  A list of those coastal use permits is attached hereto as Exhibit D.  The term "use" is defined at La. R.S. 49:214.23(13) as "any use or activity within the coastal zone which has a direct and significant impact on coastal waters." "Uses of state concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interests of regional, state, or national concern.  Use of state concern shall include, but not be limited to:
>
> (a)     Any dredge or fill activity which intersects with more than one water body.
>
> (b)     Projects involving use of state owned lands or water bottoms.
>
> * * *
>
> (f)     All mineral activities, including exploration for, and production of oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses.

Black Bayou

(g)    All pipelines for the gathering, transportation or transmission of oil, gas and other minerals.

(h)    Energy facility siting and development."

(La. R.S. 49:214.25(A)(1)).

8.

"Uses of local concern" are defined as:

"Those uses which directly and significantly affect coastal waters and are in need of coastal management but are not uses of state concern and which should be regulated primarily at the local level if the local government has an approved program. Uses of local concern shall include, but not be limited to:

(a)    Privately funded projects which are not uses of state concern.

* * *

(c)    Maintenance of uses of local concern.

* * *

(e)    Dredge or fill projects not intersecting more than one water body.

* * *

(i)    Maintenance dredging.

* * *

(k)    Uses on cheniers, salt domes, or similar land forms."

(La. R.S. 49:214.25(A)(2)).

9.

Enforcement of the CZM Laws is within the authority, *inter alia*, of an appropriate district attorney or a local government with an approved program. La. R.S. 49:214.36D. The Parish of Cameron, having obtained approval of its Coastal Zone Management Program from the Secretary of the Louisiana Department of Natural Resources (hereinafter, the "**LDNR**") on January 4, 1985 is a "local government with an approved program" within the meaning of the CZM Laws. *See* La. R.S. 49:214.23(8) and La. R.S. 49:214.28.

Black Bayou

**10.**

Paragraph D of La. R.S. 49:214.36 states that "[t]he secretary [of the LDNR], the attorney general, an appropriate district attorney, or a local government with an approved program may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." Accordingly, the Parish of Cameron is authorized under the provisions of La. R.S. 49:214.36 to bring appropriate actions in its own behalf and in the name of the State of Louisiana for enforcement of the CZM Laws within Cameron Parish. Plaintiffs are empowered to bring declaratory, civil damages, or other actions as are necessary to ensure that no uses of state or local concern "are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." La. R.S. 49:214.36(D); La. R.S. 16:2D.

**11.**

Paragraph E of La. R.S. 49:214.36 states that "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of the restoration costs; require, where feasible and practical, actual restoration of areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit where a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit. The court in its discretion may award costs and reasonable attorney's fees to the prevailing party."

**12.**

Paragraph G of La. R.S. 49:214.36 states that "[a]ny action pursuant to this Section... must be brought in any parish in which the use or activity is situated."

**13.**

Venue for this action in this district is proper under La. R.S. 49:214.36(G). Plaintiffs are the proper parties to bring the causes of action set forth herein pursuant to La. R.S. 49:214.36(D).

Black Bayou

**14.**

Defendants have engaged in uses of state and local concern in Cameron Parish within the Operational Area in violation of La. R.S. 49:214.21, *et seq.*

**15.**

The Louisiana CZM Laws require the secretary of the LDNR to develop a coastal management program and guidelines to further the policies and goals of La. R.S. 49:214.21, *et seq.* The adopted guidelines shall be followed in the development of the state program and local programs and shall serve as criteria for the granting, conditioning, denying, or modifying of coastal use permits. One of the goals of the guidelines is the "careful consideration of the impacts of uses on water flow, circulation, quantity, and quality and require that the discharge or release of any pollutant or toxic material into the water or air of the coastal zone be within all applicable limits established by law, or by federal, state, or local regulatory authority." La. R.S. 49:214.27(3).

**16.**

The state coastal management regulations contemplated by La. R.S. 49:214.21, *et seq.*, are codified at LAC 43:I.700, *et seq.* These state regulations provide that coastal use permits required by La. R.S. 214.30 are *in addition to* "any other permit or approval required or established pursuant to any other constitutional provision or statute." LAC 43:I.700. These state regulations further provide that "[m]ineral and production sites shall be cleared, revegetated, detoxified, and otherwise restored as near as practicable to their original condition upon termination of operations to the maximum extent practicable." LAC 43:I.719.M. As discussed below, Defendants have failed to clear, revegetate, detoxify, and restore the mineral and production sites and other areas affected by their operations and activities within the Operational Area to their original condition, as required by LAC 43:I.719.M. Defendants are liable to Plaintiffs under the CZM Laws for all damages associated with their failure to adhere to LAC 43:I.719.M.

Black Bayou

**17.**

The coastal zone regulations further require that "[d]rilling and production sites shall be prepared, constructed, and operated using the best practical techniques to prevent the release of pollutants or toxic substances into the environment." LAC 43:I.719.F.  These regulations also require that:

- "[t]he location and operation of waste storage, treatment, and disposal facilities shall be avoided in wetlands to the maximum extent practicable, and best practical techniques shall be used to minimize adverse impacts which may result from such use." LAC 43:I.715.A

- "[w]aste facilities located in wetlands shall be designed and built to withstand all expectable adverse conditions without releasing pollutants." LAC 43:I.715.C.

- "[w]aste facilities shall be designed and constructed using best practical techniques to prevent leaching, control leachate production, and prevent the movement of leachate away from the facility." LAC 43:I.715.D.

- "[a]ll waste disposal sites shall be marked and, to the maximum extent practicable, all components of waste shall be identified." LAC 43:I.715.F.

- "[w]aste facilities in wetlands with identifiable pollution problems that are not feasible and practical to correct shall be closed and either removed or sealed, and shall be properly revegetated using the best practical techniques." LAC 43:I.715.G.

- "[w]aste shall be disposed of only at approved disposal sites." LAC 43:I.715.H.

- "[r]adioactive wastes shall not be temporarily or permanently disposed of in the coastal zone." LAC 43:I.715.I.

As alleged below, the operations and activities of Defendants within the Operational Area have resulted in the release of contaminants, pollutants, waste, leachate, and toxic substances into the environment and away from the operated facilities, all in violation of LAC 43:I.715.A through I and LAC 43:I.719.F.  Furthermore, the drilling and production sites and waste facilities of Defendants within the Operational Area were not built to withstand all expectable adverse conditions without releasing pollutants, were not prepared using best practical techniques to prevent the release of pollutants or toxic substances, and were not designed and constructed to prevent leaching, control leachate production, or prevent the movement of leachate away from the facility.  Defendants are liable for all damages resulting from their violation of the CZM Laws.

Black Bayou

**18.**

Finally, the state coastal zone regulations prohibit the temporary or permanent disposal of radioactive wastes in the coastal zone.  LAC 43:I.715.I.  The operations and activities of Defendants in the Operational Area have resulted in the disposal of radioactive materials, including radium 226, radium 228, and naturally occurring radioactive materials (NORM), for which Defendants are liable.

## *FACTUAL ALLEGATIONS*

**19.**

Defendants drilled and/or operated numerous oil and gas wells within the Operational Area.  A map showing the oil and gas wells within the Operational Area is attached hereto as Exhibit E.  A list of the oil and gas wells drilled and/or operated by each Defendant is attached hereto as Exhibit F.  The operations and activities of Defendants alleged in this petition to be in violation of the CZM Laws were conducted (or are being conducted) to enable or support the drilling and operation of the oil and gas wells listed on Exhibit F.

**20.**

The oil and gas operations and activities of Defendants in the Operational Area included the construction and use of unlined earthen waste pits, which are simply holes, ponds, or excavations dug into the ground or marsh.  Many of these waste pits have never been closed or have not been closed in conformance with the state and local CZM Laws and other applicable state environmental laws and regulations, including Statewide Order 29-B and the Louisiana Risk Evaluation/Corrective Action Program (RECAP).

**21.**

The use of waste pits in the Operational Area has a direct and significant impact on state coastal waters located within Cameron Parish, and thus each such pit required a coastal use permit after the enactment of the CZM Act of 1978.  To the extent that, contrary to Plaintiffs' allegations, the use of any such waste pit was legally commenced prior to the enactment of the

Black Bayou

CZM Act of 1978, the continued existence of such waste pit following cessation of the operations supported by it constituted a new use for which a coastal use permit was required. In addition, the closure of any individual waste pits in the Operational Area would have involved substantial movement of materials and substantial alteration of the native terrain, and likewise required a state and/or local coastal use permit. On information and belief, Defendants never obtained the required state and/or local coastal use permits for the closure and/or post-CZM operations of their waste pits in the Operational Area. Additionally, these waste pits and areas adjacent thereto have never been cleared, revegetated, detoxified, and/or otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to design and construct their waste pits located in the Operational Area using best practical techniques to prevent leaching and to prevent the movement of leachate away from their waste facilities, as required by LAC 43:I.715.D.

**22.**

The Defendants use of waste pits in the Operational Area, and their failures to properly close those waste pits, to clear, revegetate, detoxify, and return the property affected thereby to its original condition, and to properly design those waste pits have caused ever increasing damage to the Cameron Parish Coastal Zone, for which Defendants are liable under the CZM Laws.

**23.**

Defendants have also discharged or disposed of oil field wastes from their waste pits and/or from their other oil and gas operations directly into the Operational Area. Each incident involving the discharge of oil field waste, including, without limitation, oil field brines, has a direct and significant impact on state coastal waters located in Cameron Parish and constitutes a use for which a state and/or local coastal use permit was required after the enactment of CZM Act of 1978 (Acts 1978, No. 361). On information and belief, Defendants never obtained the required state and/or coastal use permits for the discharge of oil field wastes into the Operational Area. Additionally, the areas of the Cameron Parish Coastal Zone that have received such discharges have never been cleared, revegetated, detoxified, and otherwise restored to their

Black Bayou

original condition as required by LAC 43:I.719.M. Furthermore, Defendants failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F, and failed to design and construct their waste pits in a manner to prevent leaching and the resulting discharge wastes, as required by LAC 43:I.715.D. Finally, Defendants knew or should have known that their oilfield wastes contain unacceptable and inherently dangerous levels of radioactive materials, including Radium 226 and 228, and thus the discharge of such materials into the Operational Area after 1978 was a flagrant violation of the CZM Laws, particularly LAC 43:I.715.I. As a result of these failures, Defendants are liable under the CZM Laws for damages and the other relief sought herein.

### 24.

In addition to the use of unpermitted waste pits, the failure to close waste pits properly, and the unpermitted discharge of oil field waste, including, without limitation, oilfield brines, in the Operational Area, Defendants' oil and gas activities have caused the Cameron Parish Coastal Zone, and in particular the canals, bayous, sediments, marshes, soils, and groundwaters in the Operational Area, to become contaminated or polluted in excess of applicable state standards, which has a direct and significant impact on state coastal waters. Each of these uses constitutes a use for which a coastal use permit was required beginning with the enactment of the CZM Act of 1978. The state coastal zone regulations, at LAC 43:I.700, *et seq.*, define "contaminant" as "an element causing pollution of the environment that would have detrimental effects on air or water quality or on native floral or faunal species." The contamination deposited in the Operational Area as a result of Defendants' activities has had a detrimental effect on the quality of the receiving state waters, on plant and animal life, and on humans who are exposed to such contamination. In addition, Defendants have utilized the Operational Area for the storage of their pollution or contamination, which likewise is a use for which a state and/or local coastal use permit has been required since 1978. On information and belief, Defendants never obtained the required state and/or local coastal use permits for the deposition or storage of contamination or pollution in the Operational Area. The areas of the Cameron Parish Coastal Zone that have been affected by such pollution or contamination have never been cleared, revegetated, detoxified, and

Black Bayou

otherwise restored to their original condition as required by LAC 43:I.719.M.   Furthermore, Defendants have failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F.   Defendants have also allowed the accumulation of radioactive materials in the soils and groundwaters of the Operational Area, in violation of LAC 43:I.715.I.   Defendants are thus liable for their acts of contamination in violation of the CZM Laws, including La. R.S. 49:214.36.

25.

Since 1978 and before, Defendants' oil and gas activities have resulted in the dredging of numerous canals in, through, and across the Operational Area.   The dredging of canals in the Operational Area has a direct and significant impact on the state coastal waters within Cameron Parish.   On information and belief, Defendants in some instances exceeded the limits of the coastal use permits issued in connection with the dredging of such canals, and in other instances failed to obtain the coastal use permits required for the dredging of such canals. Furthermore, Defendants failed to design, construct and maintain said canals using the best practical techniques to prevent bank slumping, erosion and saltwater intrusion and to minimize the potential for inland movement of storm-generated surges in accordance with LAC 43:I.705.J.  As a consequence thereof, Defendants' dredging activities have resulted in the degradation of the Operational Area, including the erosion of marshes and the degradation of terrestrial and aquatic life therein.  Additionally, the destruction of the Cameron Parish Coastal Zone has increased the risk of damage from storm-generated surges and other flooding damage, and has enabled and/or accelerated saltwater intrusion.   Furthermore, Defendants failed to revegetate, refill, clean, detoxify, and otherwise restore these canals to their original condition as required by LAC 43:I.705.N, 711.F and 719.M.

26.

The above activities of Defendants lie in stark contrast to, and in violation of, the policies enumerated at LAC 43:I.701(G), which states as follows:

"It is the policy of the coastal resources program to avoid the following adverse impacts . . . :

Page 13 of 23

Black Bayou

(4)     alterations in the natural concentration of oxygen in coastal waters;

(5)     destruction or adverse alterations of streams, wetland, tidal passes, inshore waters and waterbottoms, beaches, dunes, barrier islands, and other natural biologically valuable areas or protective coastal features;

* * *

(8)     detrimental changes in existing salinity regimes;

(9)     detrimental changes in littoral and sediment transport processes;

* * *

(13)    discharges of pathogens or toxic substances into coastal waters;

* * *

(16)    adverse alteration or destruction of unique or valuable habitats, critical habitat for endangered species, important wildlife or fishery breeding or nursery areas, designated wildlife management or sanctuary areas, or forestlands;

* * *

(18)    adverse disruptions of coastal wildlife and fishery migratory patterns;

(19)    land loss, erosion, and subsidence;

(20)    increases in the potential for flood, hurricane and other storm damage, or increase in the likelihood that damage will occur from such hazards;

(21)    reduction in the long term biological productivity of the coastal ecosystem.

27.

On information and belief, at least some of the activities of Defendants described above may have been permitted and/or authorized by the Louisiana Department of Natural Resources, Office of Conservation (hereinafter, the "**LDNR-OC**").  Paragraph B of La. R.S. 49:214.31 states that "[p]ermits issued pursuant to existing statutory authority of the office of conservation in the Department of Natural Resources for the location, drilling, exploration and production of oil, gas, sulfur or other minerals shall be issued in lieu of coastal use permits, provided that the office of conservation shall coordinate such permitting actions pursuant to R.S. 49:214.31(B) and (D) and **shall ensure that all activities so permitted are consistent with the guidelines, the**

Black Bayou

**state program and any affected local program.**" (Emphasis added).  The *Memorandum of Understanding Between the Coastal Management Section of the Department of Natural Resources and the Office of Conservation of the Department of Natural Resources*, dated July 8, 1980, reinforces section La. R.S. 49:214.31, wherein it states that the LDNR-OC "will issue in-lieu permits only if the proposed activity is consistent with the Coastal Use Guidelines, the Louisiana Coastal Resources Program and affected approved local programs."

**28.**

To the extent that Defendants operated or conducted activities in the Operational Area under "in lieu" permits authorized or granted by the LDNR-OC or another state agency, Defendants were obligated to comply fully with the CZM Laws in the conduct of such operations or activities.

**29.**

Furthermore, Plaintiffs allege that most, if not all, of Defendants' operations or activities complained of herein were not "lawfully commenced or established" prior to the implementation of the coastal zone management program. *See* LAC 43:723(B)(8). The complained-of operations and activities were prohibited prior to 1978 by various provisions of Louisiana Statewide Orders 29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission.

**30.**

Defendants are required to comply not only with all applicable state environmental laws and state regulations, but also with any additional requirements imposed by the State of Louisiana or Cameron Parish through the coastal zone management program.  Defendants have failed to comply with numerous provisions of the state coastal zone management program, as previously alleged, and thus they are liable under the CZM Laws for any damages resulting from these violations.

Black Bayou

**31.**

The Defendants are liable for the foregoing violations of the state and local CZM Laws, including without limitation, the failure to clear, revegetate, detoxify, and restore to their original condition those portions of the Cameron Parish Coastal Zone affected by Defendants' activities within the Operational Area.

**32.**

The damages, costs, and attorney fees provided by La. R.S. 49:214.36 are in addition to any fine, forfeiture, other penalty, or costs imposed under any other provision of law.

**33.**

Notwithstanding any allegations or language to the contrary contained elsewhere in this petition, Plaintiffs expressly limit the scope of the claims and allegations of this petition as follows:

(a)     Plaintiffs allege only those state law causes of action that they have a right to pursue under La. R.S. 49:214.21, *et seq.*, as amended, and the state and local regulations, guidelines, ordinances and orders promulgated pursuant thereto and consistent therewith;

(b)     Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law or federal regulations, and assert no such claims herein; Plaintiffs allege no claims subject to federal question jurisdiction;   Plaintiffs do not pursue or allege any claims or causes of action arising under federal common law;

(c)     To the extent any state law claims alleged in this petition are preempted by federal law , such claims are not alleged herein;

(d)     Plaintiffs do not pursue or allege any claims that have been discharged in bankruptcy;

(e)     Plaintiffs do not pursue or allege any claims "arising under the Constitution, laws, or treaties of the United States";

Black Bayou

(f)     Plaintiffs do not allege or pursue any claims wherein their right to relief under any cause of action necessarily depends on a resolution of a substantial, disputed question of federal law;

(g)     Plaintiffs do not allege or pursue any claims arising under the Rivers and Harbors Act of 1899, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**RHA**"), and do not pursue or allege any claims arising under any U.S. Army Corps of Engineers regulations or permits;

(h)     Plaintiffs do not pursue or allege any claims arising under the Clean Water Act of 1972, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**CWA**");

(i)     Plaintiffs do not pursue or allege any claims arising under any federal regulations;

(j)     Plaintiffs do not allege or pursue any claim that any Defendant violated a federal permit or failed to obtain a federal permit;

(k)     Plaintiffs do not allege that they are third party beneficiaries of any obligation between Defendants and any governmental body, or that they are third party beneficiaries of any permitting scheme;

(l)     Plaintiffs do not allege that they are third party beneficiaries of any permit, contract, or right of way agreement, or other conventional servitude or servitude imposed by law;

(m)     Plaintiffs do not allege that they have the right to enforce a federal permit as a third party beneficiary;

(n)     Plaintiffs do not allege that they represent any class; further, Plaintiffs do not pursue or allege any claim over which there is CAFA jurisdiction of this case; Plaintiffs bring this action only on their own behalf and not on behalf of any class or group of individuals or legal entities.

Black Bayou

(o)     Plaintiffs do not allege that any acts, omissions, operations or activities occurring on the Outer Continental Shelf violated the CZM Laws.  None of the acts, omissions, operations or activities that form the basis of the Plaintiffs' claims in this petition involve operations or activities on the Outer Continental Shelf.  Plaintiffs do not pursue or allege any claim arising under the Outer Continental Shelf Lands Act (the "**OCSLA**")(43 U.S.C. § 1331 *et seq.*); Plaintiffs do not pursue or allege any claim subject to the jurisdiction of the OCSLA; further, Plaintiffs do no pursue or allege any claim within the jurisdiction established by 43 U.S.C. § 1349;

(p)     Plaintiffs do not pursue or allege any claim for activities conducted on a federal enclave or for damage to a federal enclave, and do not pursue or allege any claims regarding any land held in trust by the federal government, its officers, agencies, or agents; Plaintiffs do not pursue or allege any claims over which the federal government contests title.  Plaintiffs do not pursue or allege any claims for damages to any federal floodwalls, federal levees, or any other federal installations or properties. Plaintiffs do not allege that any event, activity, or claim pursued in this petition occurred on a federal enclave. Plaintiffs do not allege or pursue any claim for an alleged injury in circumstances where the alleged injury arose on a federal enclave and the injury is indivisible from an injury that did not occur on a federal enclave.

(q)     Plaintiffs make no claims under Louisiana tort law, contract law, mineral law,  or property law;

(r)     Plaintiffs do not allege or pursue any claims that are: (1) covered by or subject to the jurisdiction of the All Writs Act, 28 U.S.C. §1651, et seq., as amended; or, (2) covered by or subject to the jurisdiction of the Convention on the Recognition of Foreign Arbitral Awards, 9 U.S.C. §201, et seq., as amended. Plaintiffs do not allege or pursue any claims under the federal Oil Pollution Act of 1990, as amended;

(s)     Plaintiffs do not allege any claim or cause of action arising under the federal Natural Gas Act, 15 U.S.C. 717 – 717w.

Black Bayou

(t)     In summary, Plaintiffs limit the claims asserted in this petition to state law claims arising under the CZM Laws. The attachment of the map of the entire Louisiana Coastal Zone (See Exhibit A) or the attachment of any other exhibits to this petition shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. With regard to any permit alleged in this petition to have been violated, the inclusion of language in such permit referring to federal laws or federal regulations shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. Any allegation in this petition that any defendant has violated a coastal use permit shall not be construed as an allegation that plaintiffs have alleged federal causes of action based on the violation of any federal law or regulation generally or specifically referenced in the permit or any application therefor.  Further, to the extent the CZM Laws contain any citation of or reference to any federal laws, statutes or regulations, no claims or causes of action are alleged under those federal laws, statutes or regulations. Any allegation in this petition that any defendant has violated the CZM Laws shall not be construed as an allegation of a federal cause of action based on the violation of federal laws, statutes or regulations referenced in the CZM Laws. The quotation or reference in this petition to provisions of certain CZM Laws concerning "uses" of national or regional concern shall not be construed as an allegation that Plaintiffs are making claims arising under the Constitution, laws, or treaties of the United States.  The use of the term "navigation" or such similar terms in the CZM Laws shall not be construed to imply that Plaintiffs are asserting maritime or admiralty claims.

(u)     Plaintiffs do not plead any claim or cause of action pertaining to private property located within the Cameron Parish Coastal Zone: (1) that is the subject of any present or future demand for environmental restoration or remediation, regardless of whether the relief demanded is specific performance, damages or a mandatory or prohibitive injunction; or, (2) that is the subject of any pending or future litigation under Act 312 of 2006 (La. R.S. 30:29, et seq., as amended). Plaintiffs do not seek injunctive relief.  Further, Plaintiffs do not plead any claims related to any pending environmental statutory or regulatory claims or actions filed or taken by any federal agency, including, but not limited to, the Environmental Protection Agency and the U.S. Army Corps of Engineers.

Black Bayou

34.

Subject to all of the limitations set forth in this petition, including, but not limited to, paragraph 33, Plaintiffs Parish of Cameron and the State of Louisiana claim all damages and remedies appropriate under the CZM Laws, including, but not limited to, restoration and remediation costs; actual restoration of disturbed areas to their original condition; costs necessary to clear, revegetate, detoxify and otherwise restore the affected portions of the Cameron Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M; declaratory relief in circumstances where such relief is required, in addition to money damages, to accomplish the purposes of La. R.S. 49:214.21 *et seq.*; costs and expenses of litigation, including costs of environmental assessments and expert costs, and reasonable attorney's fees; and all other damages or remedies provided for in La. R.S. 49:214.21, *et seq.*

35.

Plaintiffs allege that the damage caused by defendant's complained-of activities within the Operational Area resulted from the defendants' violation of coastal use permits *and* from unpermitted uses of the coastal zone. Plaintiffs' claims are limited to the civil remedies provided for in La. R.S. 49:214.36; plaintiffs do not assert claims for any criminal or quasi-criminal remedies set forth in La. R.S. 49:214.36.

36.

Plaintiffs allege that defendants are *solidarily* liable for the damage caused by defendant's complained-of activities within the Operational Area. The CZM Laws render the defendants liable for the cumulative impacts of their permit and regulatory violations. While the individual defendants may have acted independently of each other in certain circumstances, their statutory, regulatory and permit violations resulted in "cumulative impacts" to the area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. "Cumulative Impacts" are defined in La. Admin. Code tit. 43, pt. I, § 700 as "impacts increasing in significance due to the collective effects of a number of activities." La. Admin Code. tit. 43, pt. I, § 701 states that the "likelihood of, and extent of impacts of, resulting

Black Bayou

secondary impacts and cumulative impacts" "shall be utilized by the permitting authority in evaluating whether the proposed use is in compliance with the guidelines," and that "all uses and activities shall be planned, sited, designed, constructed, operated, and maintained to avoid to the maximum extent practicable significant" "adverse effects of cumulative impacts." The defendants' unpermitted uses of the coastal zone the defendants' violations of coastal use permits resulted in "cumulative impacts" to area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. Such damage could have been avoided had defendants followed the statutory and regulatory requirements of the CZM Laws. Further, the restoration requirements set forth in La. R.S. 49:214.36 D and E cannot be accomplished by ignoring the combined effects of multiple violations of the CZM Laws. La. R.S. 49:214.36 (E) provides for a "restoration" remedy that is "feasible and practical." Restoration objectives must respond to environmental impacts caused by the cumulative effects of oil and gas operations. Both the CZM Laws and the LDNR Coastal Management Division's standard operating procedures recognize the need to evaluate the cumulative and compound impacts of defendants' violations. The statute mandating the development of the state's master plan states: "The task of... restoring and developing a sustainable coastline will require implementation of a holistic, comprehensive engineering plan..." *See* La. R.S. 49:214.4.1(A)(3).

La. C. C. art. 1815 provides that an obligation is indivisible when the object of the performance is "not susceptible of division." Indivisible obligations are subject to the rules governing solidarity. La. C.C.P. art. 1818. Under Louisiana law, if the consecutive and/or concurrent wrongful acts of defendants contribute in unknown proportions to property damage, defendants are *solidarily* liable because their obligations are indivisible.

37.

Plaintiffs demand trial by jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants (subject to the limitations set forth in this petition), as follows:

Page 21 of 23

Black Bayou

(a)     Awarding damages and other appropriate relief specifically provided in the CZM Laws for violations of all applicable state coastal zone management program statutes and regulations within the Cameron Parish Coastal Zone;

(b)     Ordering the payment of costs necessary to clear, revegetate, detoxify and otherwise restore the Cameron Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M.;

(c)     Requiring actual restoration of the Cameron Parish Coastal Zone to its original condition;

(d)     Awarding reasonable costs and attorney fees;

(e)     Awarding pre-judgment and post-judgment interest at the maximum rate allowable by law;

(f)     Such other and further relief available in the premises, subject to the limitations set forth in the petition; and

(g)     Plaintiffs request trial by jury.

Respectfully submitted:

**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA  70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, #2226 (dcoffice@tcmlawfirm.net)
Victor L. Marcello, #9252 (vmarcello@tcmlawfirm.net)
John H. Carmouche, #22294 (jcarmouche@tcmlawfirm.net)
William R. Coenen, III, #27410 (wcoenen@tcmlawfirm.net)
Brian T. Carmouche, #30430 (bcarmouche@tcmlawfirm.net)
Todd J. Wimberley, #34862 (twimberley@tcmlawfirm.net)
Ross J. Donnes, #33098 (rdonnes@tcmlawfirm.net)
D. Adele Owen, #21001 (aowen@tcmlawfirm.net)
Leah C. Poole, #35092 (lpoole@tcmlawfirm.net)

Black Bayou

Chad E. Mudd, #25188 (cmudd@camtel.net)
David P. Bruchhaus, #24326 (dbruchhaus@camtel.net)
M. Keith Prudhomme, #14336 (kprudhomme@camtel.net)
Matthew P. Keating, #30911 (mkeating@camtel.net)
**MUDD & BRUCHHAUS, L.L.C.**
410 E. College St.
Lake Charles, LA  70605
Telephone:  (337) 562-2327
Fax:  (337) 562-2391

*Attorneys for Plaintiffs*

**PLEASE HOLD SERVICE**

Black Bayou

## EXHIBIT A

### Louisiana Coastal Zone Boundary



A-1

*Black Bayou*

## EXHIBIT B

## Map of the Operational Area

(Overview)



*Black Bayou*

## EXHIBIT B

## Map of the Operational Area

(Detail View)

# 2013 Aerial



*Black Bayou*

## EXHIBIT C

### Map of Coastal Use Permits within the Operational Area

Yellow and orange shapes represent work locations described in Coastal Use Permits.
*Source: LDNR*

## 2015 Aerial



*Black Bayou*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19800113 | Shell Oil Company - Construct ring levee and build up area for drilling activities, 20,000 cu. Yds. Fill material from borrow pits, Black Bayou field |
| P19800115 | Shell Oil Company - Prepare drill site with 5,000 cu yds of material, ring levee and borrow pit also installed, Black Bayou field |
| P19811039 | NRG Resources, Inc. - Excavate 6000 cy for constructing ring levee and board road for drilling operations. West Cameron |
| P19811474 | Texas Gas Exploration - Construct board road and ring levee in intermediate marsh. 13 miles W from Hackberry |
| P19811622 | Shell Oil Company - Dredge borrow pits (5000 cy) spoil placed in intermediate marsh. All fluid HC skimmed from water surface within 90 days. Black Bayou Oil Field |
| P19811647 | Shell Oil Company - Prepare drill site for 2 adjacent locations, will affect 1.73 acres of intermediate marsh in developed oil field. Black Bayou field |
| P19811648 | Shell Oil Company - Prepare drill site for 2 adjacent locations, will affect 2.48 acres of intermediate marsh in heavily developed oil field. Black Bayou field |
| P19811649 | Shell Oil Company - Dredge borrow pits (5000 cy) Existing canal to be used as disposal pit. All fluid HC will be skimmed within 90 days following drilling operations. Black Bayou Field |
| P19811650 | Shell Oil Company - Construct drilling site with 5000 cy material on site, dam off existing well access canal and construct levee. Canal to be used as reserve pit. Near Sulphur |
| P19811803 | Amoco Production Co. - Construct road board and ring levee, ~4 acres intermediate marsh altered and ~7000 cy marsh excavated. Near Hackberry |
| P19820206 | TRANSGAS - NATURAL GAS // 4" GAS FLOWLINE // BURIED 3 FT TO 5 FT // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19820334 | Amoco Production Co. - Proposed access road and drill site, South Black Bayou field |
| P19820557 | SHELL - GAS FLOWLINE // 8" FLOWLINE // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19821475 | Amoco Production Co. - Construction for oil and gas exploration 142' board road foundation and ring levee from 4.5 cy excavated marsh material, altering 4.5 acres. Sabine National Refuge |
| P19830714 | Amoco Production Co. - Upgrade existing containment levee, excavate 660 cy for ring levee, 3800 cy from mud pit for levee. South Black Bayou |
| P19831007 | Amoco Production Co. - Upgrade existing containment levee, excavate 1420 cy for ring levee, South Black Bayou |
| P19831567 | Shell Oil Company - Construct long board on existing canal spoil bank and ring levee, 4100 cy marsh excavated for levee and site. Black Bayou field |
| P19831581 | Shell Oil Company - 925 cy shrub/scrub material excavated for constructing ring levee Black Bayou oil field |
| P19831582 | Shell Oil Company - Construct board road and ring levee for well site, 4360 cy excavation required (2.2 acres intermediate marsh) Black Bayou oil field |
| P19831602 | Shell Oil Company - Install drill site to accommodate drilling rig, surrounding environment damages will be kept to minimum. Black Bayou field |

*Black Bayou*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19840054 | Amoco Production Co. - Construct ring levee adjacent to existing ring levee; 1335 cy intermediate marsh material excavated for levee; South Black Bayou field |
| P19840084 | Amoco Production Co. - Construct access road and secondary containment levee |
| P19840534 | Shell Western E&P - 200' board rd. and 209' x 368' drill pad and reserve pit area; 6,100 yd.^3 excavated; S7 T12S-R12W |
| P19840536 | Shell Western E&P - 200' board rd. and 331' x 213' drill pad and reserve pit area; 6,120 yd.^3 excavated; S7 T12S-R12W |
| P19840563 | Shell Western E&P - 90' bd. Rd. and 294' x 208' drill pad and ring levee; 5,920 yd.^3 excavated; S7 T12S-R12W |
| P19840575 | Shell Western E&P - 120' bd. Rd. and 334' x 281' drill pad and ring levee; ~5,920 yd.^3 excavated; S7 T12S-R12W |
| P19841521 | Amoco Production Co. - Haul 300 cy reef shell to lay shell pad and install compressor platform on intermediate marsh, no dredging required; South Black Bayou field |
| P19841522 | Amoco Production Co. - Haul 275 cy reef shell to lay shell pad and install compressor platform on intermediate marsh, no dredging required; South Black Bayou field |
| P19841523 | Amoco Production Co. - Construct tank battery platform and shell pad adjacent to existing similar facilities, alter 1200 sq ft intermediate marsh habitat. South Black Bayou field |
| P19841543 | Amoco Production Co. - Construct road ramp and dump with staggered borrow ditches and single culvert; construct ring levee; 1850 cy excavated; 2.3 acres intermediate marsh altered. 10 mi W of Hackberry |
| P19850580 | Shell Western E&P - Construct road dump (760 cy) and board road on existing oilfield canal spoil bank; 22 mi NW Cameron |
| P19851319 | Shell Western E&P - 6,100 cy of levee material excavated & used as backfill to restore existing O&G waste pit |
| P19851381 | Amoco Production Co. - 1,080 cy of levee material excavated & used as backfill to restore 3 waste pits; 21 miles SSW of Sulphur, LA |
| P19851382 | Amoco Production Co. - 2,742 cy of levee material to be excavated & used as backfill to restore 7 waste pits |
| P19860424 | Shell Western E&P - Installation of 190' X 150' drillsite along with 40' X 70' derrick laydown area. Fill required 4160CY, in association with the J.B. Watkins #253 Well, Black Bayou Field, Secs. 8 & 9, T12S - R12W |
| P19860629 | Shell Western E&P - Build 235' brd rd, 175' X 190' ring levee & 40' X 70' derrick laydown area to D/P Shell Western E&P - J.B. Watkins #256 Well. From adjacent borrow pits, 5200 CY spoil. Sec. 17, T12S - R12W |
| P19860674 | Shell Western E&P - Enlarge drillsite & construct access road, will need 4960 CY spoil from adjacent borrow areas to D/P J.B. Watkins #262 Well, Black Bayou Field, Sec. 12, T12S - R13W |
| P19860682 | Amoco Production Co. - ±3415 CY(borrow ditches) of spoil needed to construct 216' brd rd and 400' X 400' ring levee, Gulf Land E Well #8, Sec. 36, T12S - R12W, South Black Bayou Field. |
| P19860727 | Amoco Production Co. - 4975 CY fill for brd rd & ring levee to D/P Gulf Land E #7. Sec. 36, T12S - R12W |

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19860829 | Amoco Production Co. - Waste pit closure, Gulf Land E Well #7, Sec. 36, T12S - R12W |
| P19860887 | Amoco Production Co. - Pit Closure.   South Black Bayou Field. Sec. 28, T12S - R12W |
| P19870169 | Shell Offshore, Inc. - Dredge 4250 CY of marsh material to be used on drillsite fill & ring levees; construct drillsite & laydown area, Sec. 18, T12S - R12W, to D/P B.M. Odom #A-4 Well |
| P19870188 | Amoco Production Co. - ±1290 CY of brackish marsh material is to be dug and used to construct a ±225' X 360' ring levee adjacent to an existing well site. Gulf Land E Well #6, Sec. 36, T12S - R12W |
| P19870375 | Amoco Production Co. - Construct 350' X 350' ring levee for well site, ± 2240 CY of native material to be excavated by dragline on mats 7 deposited for the ring levee, resulting in the loss of ± 2.8 acres of intermediate marsh material. Gulfland F Well #6, South Black Bayou Field, Sec. 32, T12S - R12W |
| P19870376 | Amoco Production Co. - ±1004 CY of intermediate marsh material to be excavated in the construction of 341' X 273' long levees adjacent to two existing road dumps forming ring levee. ± 1.86 acres of intermediate marsh is to be altered. Brown Odom Well #20, Sec. 28, T12S - R12W |
| P19870425 | Great Southern Oil and Gas Company, Inc. - Installation of structures in an existing drillsite to drill O/G well; Brown-Odom #1, Black Bayou, Sec. 34, T12S - R12W |
| P19870619 | Shell Western E&P - drill and produce well, 3220 cy excavation required; Black Bayou field |
| P19870620 | Shell Western E&P - Enlarging existing production site to drill well; 5050 cy required; Black Bayou field |
| P19870624 | Shell Western E&P - Enlarging existing production site to drill well; 3700 cy required; Black Bayou field |
| P19870627 | Amoco Production Co. - 3.6 acres brackish marsh altered by excavating 1900 cy native material for ring levee; South Black Bayou field |
| P19870676 | Amoco Production Co. - Enlarge existing ring levee drillsite to allow access to proposed site; 1105 cy dredged, deposited as new ring levee; 1 mi N of Sabine NWR |
| P19870683 | Amoco Production Co. - Construct well site ring levee connecting existing shell pad and existing ring levee; excavate 925 cy resulting in loss of 1.4 acres fresh marsh; South Black Bayou field |
| P19870695 | Amoco Production Co. - .2 acres intermediate marsh altered;  150 cy shell to construct shell pad for glycol unit platform; 940 cy shell for shell pad for compressor platform; S Black Bayou field |
| P19870696 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" FLOWLINE // SURFACE OF MARSH // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19870697 | Amoco Production Co. - Deposit 1530 cy shell for shell pad for compressor platform; .17 acres intermediate marsh altered; South Black Bayou field |
| P19871008 | Amoco Production Co. - Excavate 2275 cy intermediate marsh material to construct ring levee; S Black Bayou Field |
| P19871018 | Great Southern Oil & Gas Co. - Construct board road (4280 cy) and drillsite (11500 cy) with reserve pit; Black Bayou |

D-3

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19871019 | Great Southern Oil & Gas Co. - Construct board road (7190 cy) and drillsite (11500 cy) with reserve pit; Black Bayou |
| P19871034 | Amoco Production Co. - Construct ring levee (236 cy fresh marsh material), catwalk and proposed flare stack; South Black Bayou field |
| P19871066 | Amoco Production Co. - Construct ring levee (236 cy fresh marsh material), catwalk and proposed flare stack; South Black Bayou field |
| P19880025 | AMOCO PRODUCTON COMPANY - // 2.5" FLOWLINE // LAID ON TOP OF MARSH // // Begin: // End: // Status: Authorization Granted - No Conditions |
| P19880540 | AMOCO PRODUCTON COMPANY - // 2.5" FLOWLINE // 3' BLW MUDLINE // // Begin: // End: // Status: Authorization Granted - Permit Withdrawn |
| P19880628 | AMOCO PRODUCTON COMPANY - // 2.5" FLOWLINE // 3' BLW MUDLINE // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19890154 | Legacy Operating Company - Proposed location of drilling rig to conduct exploratory operations; Gum Cove Oil and gas field |
| P19890423 | Amoco Production Co. - Construct ring levee and drillsite (1004 cy); South Black Bayou field |
| P19890499 | LEGACY OPERATING - FLOWLINE // 2" FLOWLINE // 3' MIN BLW GROUND // // Begin: MOORE WELL#1 (GUM COVE OIL&GAS FIELD) // End: TRANSCO TIE-IN // Status: Authorization Granted - No Conditions |
| P19890499 | LEGACY OPERATING - FLOWLINE // 4" FLOWLINE // 3' MIN BLW GROUND // // Begin: MOORE WELL#1 (GUM COVE OIL&GAS FIELD) // End: TRANSCO TIE-IN // Status: Authorization Granted - No Conditions |
| P19890711 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" FLOWLINE // // // Begin: // End: // Status: Authorization Granted - No Conditions |
| P19890711 | AMOCO PRODUCTON COMPANY - GAS LIFT LINE // 2.5" GAS LIFT LINE // // // Begin: // End: // Status: Authorization Granted - No Conditions |
| P19890711 | AMOCO PRODUCTON COMPANY - SALES FLOWLINE // 4" SALES FLOWLINE // // // Begin: // End: // Status: Authorization Granted - No Conditions |
| P19901223 | Shell Western E & P, Inc. - Reenter existing well to D/P J.B. Watkins #260 Well, Sec. 12, T12S - R13W. |
| P19910486 | Amoco Production Co. - Maintain existing facility by hauling material. Sec. 35, T12S - R12W |
| P19910733 | Linder Oil Company - Proposed brd rd & two drill sites, Odom Well #1, Secs. 13 & 14, T12S - R12W, Gum Cove Field. Total excavation 13248 CY |
| P19910919 | Southwest Gas Producing Company - Construct 584' X 12' brd rd & 150' X 150' ring levee(1945 CY) to drill the Brown - Odom Well # 1 (reentry of Amoco - Brown - Odom Well # 13), Sec. 17, T12S - R12W |
| P19920815 | Shell Western E & P, Inc. - Re-enter J.B. Watkins #240 Well to drill the J.B. Watkins #261 Well. No Dredge or fill required. Sec. 7, T12S - R12W |
| P19931096 | Covey Energy, Inc. - Refurbish & reuse existing location to drill Brown-Odom #1 Well, Sec. 17, T12S - R12W (formerly Amoco - Brown - Odom #13), Sec. 17, T12S - R12W |
| P19931106 | Shell Western E & P, Inc. - Maintenance, reove vegetation & level area ±150' X 180' X 142' (see drawing) adjacent to an existing tank battery, Black Bayou Field, Sec. 17, T12S - R12W |

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19940172 | Shell Western E & P, Inc. - Enlarge an existing drill site and drill the J.B. Watkins # 262 Well, Sec. 7, T12S - R12W, Black Bayou Field |
| P19941137 | Commerce Energy , Inc. - Construct 300' X 300' ring levee for drilling the Odom Well #1, Sec. 13, T12S - R12W and mitigation |
| P19941299 | Shell Western E & P, Inc. - Use exisiting site to install drilling rig & appertunant structures to D/P the J.B. Watkins #262 Well, Black Bayou Field, Sec. 7, T12S - R12W |
| P19941391 | Shell Western E & P, Inc. - Clrng, brdng and dpstng 1160 CY fill for the construction of 137' X 311' ring levee, to refurbish an existing drill site to D/P J.B Watkins #263 Well, Sec. 8, T12S - R12W |
| P19950017 | Shell Western E & P, Inc. - Refurbish existing ring levee(1190 CY of fill) to drill the J.B. Watkins #264 Well, Black Bayou Field, Sec. 18, T12S - R12W. To include repositioning #264 on existing pad to produce a shallower zone & drilling # 265 Well to test the original zone. |
| P19950238 | Shell Western E & P, Inc. - Proposed fill(± 1175 CY hauled in for ring levee) to refurbish & D/P the J.B. Watkins #263 Well, Sec. 17, T12S - R12W, Black Bayou Field |
| P19950619 | **Documents not available. |
| P19950765 | Ballard Exploration Company, Inc. - Well R.E. Odom et al Sec. 21, T12S - R12W. Placed "On Hold" 08/02/1995. |
| P19960073 | COMMERCE ENERGY - PIPELINE // 4" // 4' MIN BLW ML // // Begin: COMMERCE ENERGY-ODOM #1 // End: EXISTING SHELL FLOWLINE // Status: Authorization Granted - Special Conditions |
| P19960439 | BASS ENTERPRISES - PIPELINE // 6" // 3' MIN BLW MUDLINE // // Begin: PREVIOUSLY PERMITTED PIPELINE // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P19961366 | MAINTENANCE DREDGE |
| P19980992 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" // 3' MIN BLW MUDLINE // // Begin: WELL PAD // End: TIE IN AT PIPE RACK // Status: Authorization Granted - Special Conditions |
| P19980992 | AMOCO PRODUCTON COMPANY - SPARELINE // UNSPECIFIED // 3' MIN BLW MUDLINE // // Begin: BEG. BAYOU CROSSING // End: END OF BAYOU CROSSING // Status: Authorization Granted - Special Conditions |
| P19980992 | AMOCO PRODUCTON COMPANY - SPARELINE // UNSPECIFIED // 3' MIN BLW MUDLINE // // Begin: BEG. CANAL CROSSING, END OF WELL PAD // End: END CANAL CROSSING // Status: Authorization Granted - Special Conditions |
| P19981002 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" // 3' MIN BLW MUDLINE // // Begin: WELL PAD // End: TIE IN AT PIPE RACK // Status: Authorization Granted - Special Conditions |
| P19990546 | DREDGE/STAB. AREA |
| P19990546 | SHORELINE RESTORATION |
| P20000435 | SAMUEL GARY JR. & AS - PIPELINE // 8" FLOWLINE // ON WALKWAY / 3' MIN BLW ML // // Begin: WELLS #1&2 // End: BLOCK STATION #2 FACILITY // Status: Authorization Granted - Special Conditions |
| P20001619 | DRILL SITE |
| P20001619 | MANTI OPERATING COMPANY - NOT A PIPELINE // BOARD ROAD // // // Begin: // End: // Status: Authorization Granted - Special Conditions |

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20010055 | MITIGATION EXCAVATION |
| P20010055 | MITIGATION PLANTING |
| P20010221 | BANK STABILIZATION: 20' X 10' X 1' |
| P20010221 | MANTI OPERATING COMPANY - PIPELINE // 8" // 3' MIN BLW MUDLINE // // Begin: WELL #1 : MANTI OPERATING // End: BLK STA #2 FACILITY // Status: Authorization Granted - Special Conditions |
| P20010593 | BOARD ROAD |
| P20010593 | CONCRETE RING REMOVE |
| P20010593 | DRILL STRUCTURES |
| P20010593 | DRILLSITE |
| P20010593 | RESERVE PIT |
| P20010695 | WELL STRUCTURES |
| P20010965 | DRILLSITE |
| P20010965 | RESERVE PIT |
| P20010965 | WELL, STRUCTURES |
| P20011009 | CULVERTS |
| P20011009 | DRILL PAD |
| P20011009 | PIT |
| P20011009 | PROPOSED ROAD |
| P20011009 | RING LEVEE |
| P20011009 | ROAD GRATING,LIMESTONE |
| P20011137 | ODOM WELL #2 ALT.; PROPOSED DRILL SITE |
| P20011137 | WELL #2 DRILL SITE + BOARD ROAD |
| P20011228 | DRILL PAD + RING LEVEE + PIT |
| P20011228 | SAM GARY, JR. & ASSOCIATES, INC. - NOT A PIPELINE // EXISTING POWERLINE // N/A // // Begin: EXISTING POWERLINE // End: EXISTING POWERLINE // Status: Authorization Granted - Special Conditions |
| P20011228 | WELL #1; PROPOSED LOCATION |
| P20011229 | BONNE TERRE ET AL WELL #2; PROPOSED LOCATION |
| P20011229 | DRILL PAD (BOARDED) + ROAD |
| P20011236 | BORROW DITCH |
| P20011236 | DRILL SITE |
| P20011236 | RING LEVEE |
| P20011236 | WELL STRUCTURES |
| P20011237 | DRILL SITE |
| P20011237 | WELL STRUCTURES |
| P20011238 | FILL FOR DRILL SITE &W/RING LEVEES + PAD WITHDRAWN |
| P20011238 | TERRACING & OFFSITE PLANTINGS WITHDRAWN |
| P20011238 | WELL #25: PROPOSED DRILLING STRUCTURES WITHDRAWN |
| P20011239 | DRILL SITE & STRUCTURES WITHDRAWN |
| P20011239 | WELL #232 ST2  STRUCTURES WITHDRAWN |
| P20011239 | WITHDRAWN TERRACING & PLANTING |

D-6

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P20011253 | RIMCO PRODUCTION COMPANY, INC. - FLOWLINE // 4" // 3' MIN BLW MUDLINE // // Begin: TIE-IN TO XIST P/L // End: TIE-IN TO XIST P/L // Status: Authorization Granted - Special Conditions |
| P20011260 | FILL |
| P20011260 | WELL STRUCTURES |
| P20011261 | DRILLSITE |
| P20011261 | RIMCO PRODUCTION COMPANY, INC. - NOT A PIPELINE // TERRACES // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20011261 | WELL STRUCTURES |
| P20011564 | MAINTENANCE DREDGE EXISTING TRENASSES |
| P20011564 | MAINTENANCE OF EXISTING TRENASSES |
| P20011599 | MANTI OPERATING COMPANY - FLOWLINE // 6" // 3' MIN BLW MUDLINE // ACTIVE // Begin: ODOM NO 1 WELL // End: TIE IN @ 4" P/L // Status: Authorization Granted - Special Conditions |
| P20011599 | MANTI OPERATING COMPANY - PIPELINE // 4" // 3' MIN BLW MUDLINE // // Begin: WELL #1 // End: TIE IN @ XIST P/L // Status: Authorization Granted - Special Conditions |
| P20011897 | RIMCO PRODUCTION COMPANY, INC. - FLOWLINE // 4" // LAID ON MARSH / 3' MIN BLW ML @ WATER XING // // Begin: HEADER // End: HEADER // Status: Authorization Granted - Special Conditions |
| P20011940 | DRILLSITE + BOARD ROAD |
| P20011940 | RIMCO PROD. CO WELL #1; PROPOSED DRILL STRS |
| P20020275 | NEUMIN PRODUCTION COMPANY - FLOWLINE // 6" // // PROPOSED // Begin: NEUMIN-ODOM NO. 1 WELL // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20020275 | NEUMIN PRODUCTION COMPANY - PIPELINE // 6" // 3' MIN BLW MUDLINE // ACTIVE // Begin: NEUMIN-ODOM WELL #1 // End: XISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20020295 | DRILL SITE |
| P20020343 | NEUMIN PRODUCTION COMPANY - PIPELINE // 6" // 3' MIN BLW ML // // Begin: NEUMIN-ODOM NO.1 WELL // End: EXISTING 4" FLOWLINE // Status: Authorization Granted - No Conditions |
| P20020355 | WELL |
| P20020356 | WELL |
| P20020357 | FILL |
| P20020357 | WELL |
| P20020462 | FILL |
| P20020462 | RIMCO PRODUCTION COMPANY, INC. - NOT A PIPELINE // ROAD IMPROVEMENT // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20020462 | WELL |
| P20020700 | ODOM 13 WELL #1 DRILLSITE, RING LEVEE & STRS |
| P20020802 | WELL #267: WATKINS DRILL BARGE, RINGLEVEE & STRS |
| P20020857 | BOARD ROAD, RING LEVEE, DRILL PAD |
| P20020857 | WELL #2: R.E.ODOM DRILLSITE |

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P20020860 | CULVERTS |
| P20020860 | SAM GARY, JR. & ASSOCIATES, INC. - NOT A PIPELINE // BOARD ROAD // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20020860 | SAM GARY, JR. & ASSOCIATES, INC. - NOT A PIPELINE // LIMESTONE LEVEE ROAD REPAIR // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20020860 | WELL |
| P20021037 | REFURBISHMENT & ROAD DUMP |
| P20021203 | MANTI OPERATING COMPANY - GAS FLOWLINE // 4" // 3' MIN BLW ML // // Begin: ODOM WELL #1 // End: TIE IN EXISTING PIPEINE // Status: Authorization Granted - No Conditions |
| P20021253 | 3TEC ENERGY CORPORATION - NOT A PIPELINE // BOARD ROAD // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20021253 | WELL & STRUCTURES |
| P20021391 | DRILLSITE & STRUCTURES |
| P20021412 | DRILL PAD |
| P20021412 | EXIST LEVEE TO BE BOARDED |
| P20021412 | ROAD DUMP |
| P20021412 | WING TO BE BOARDED |
| P20021447 | DRILLSITE & STRUCTURES |
| P20021549 | SAM GARY, JR. & ASSOCIATES, INC. - PIPELINE // 16" // 3' - 8' MIN BLW ML // // Begin: BONNE TERRE EXP CO LLC ET AL NO 1 // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20030002 | RIMCO PRODUCTION COMPANY, INC. - OIL/GAS // 3" // 3' MIN BLW MUDLINE, MUDLINE LEVEL // // Begin: WATKINS WELL#54 // End: FACILITY // Status: Authorization Granted - Special Conditions |
| P20030108 | SAM GARY, JR. & ASSOCIATES, INC. - OIL/GAS // 12" // 5' MIN BLW GROUND (3,173.7'), COVERED BY BACKFILL // // Begin: EDGE OF DRILL SITE @ COLLINGWOOD WELL#1 // End: FACILITY // Status: Authorization Granted - Special Conditions |
| P20030199 | 3 TEC ENERGY CORPORATION - PIPELINES // 6" // 3' MIN BLW MUDLINE // // Begin: 3TEC ENERGY CORP WELL #1 // End: SAMSON WELL # 2 // Status: Authorization Granted - Special Conditions |
| P20030279 | SAM GARY, JR. & ASSOCIATES, INC. - PIPELINE // 6" // 3' MIN BLW MUDLINE // // Begin: EDGE DRILL SITE // End: TIE-IN TO EXISTING 12" P/L // Status: Authorization Granted - No Conditions |
| P20030480 | SAM GARY, JR. & ASSOCIATES, INC. - FLOWLINE // 6" // 3' - 5' MIN BLW ML // // Begin: ODOM 21 WELL NO 1 // End: EXISTING MANIFOLD // Status: Authorization Granted - Special Conditions |
| P20030615 | SAM GARY, JR. & ASSOCIATES, INC. - FLOWLINE // 6" // 3'- 5' MIN BLW ML // // Begin: TIE IN RISER // End: RIMCO FACILITY // Status: Authorization Granted - Special Conditions |
| P20030615 | SAM GARY, JR. & ASSOCIATES, INC. - GAS FLOWLINE // 6" // 3' MIN BLW MUDLINE // // Begin: PROPOSED SEPARTOR // End: PROPOSED GAS MANIFOLD // Status: Authorization Granted - Special Conditions |

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20030615 | SAM GARY, JR. & ASSOCIATES, INC. - OIL FLOWLINE // 6" // 3' MIN BLW MUDLINE // // Begin: PROPOSED SEPARTOR // End: EXISTING MANIFOLD // Status: Authorization Granted - Special Conditions |
| P20030615 | SAM GARY, JR. & ASSOCIATES, INC. - PIPELINE // 12" // 3'- 5' MIN BLW ML // // Begin: PROPOSED GAS MANIFOLD // End: PROPOSED TIE-IN TO 16" // Status: Authorization Granted - Special Conditions |
| P20030615 | SAM GARY, JR. & ASSOCIATES, INC. - PIPELINE // 16" // 3'- 5' MIN BLW ML // // Begin: PROPOSED TIE IN // End: TIE IN 36" TRANSCO GAS // Status: Authorization Granted - Special Conditions |
| P20030615 | SAM GARY, JR. & ASSOCIATES, INC. - WATER  FLOWLINE // 6" // 3' MIN BLW MUDLINE // // Begin: PROPOSED SEPARTOR // End: EXISTING MANIFOLD // Status: Authorization Granted - Special Conditions |
| P20030717 | MITIGATION FOR P20020860 - WAVE DAMPENING TERRACES |
| P20031145 | BARGE FACILITY REFURBISHMENT |
| P20031411 | SAM GARY, JR. & ASSOCIATES, INC. - FLOWLINE // 6" // 3' - 5' MIN BLW ML // // Begin: BONNE TERRE EXPL CO LC 8 WELL NO 1 // End: TIE-IN EXISTING PIPELINE // Status: Application Withdrawn |
| P20031651 | BOARD ROAD,  RING LEVEE |
| P20031651 | LOCATION  SANDERS RIDGE NO 2 WELL |
| P20031651 | MITIG P20031651 - TERRACES |
| P20031691 | SAM GARY, JR. & ASSOCIATES, INC. - PIPELINE // 12" // 3' MIN BLW ML & TOP OF MARSH // PROPOSED // Begin: GAS MANIFOLD // End: TIE-IN TO 16" PIPELINE // Status: Authorization Granted - Special Conditions |
| P20041120 | RIPRAP |
| P20041120 | SAM GARY, JR. & ASSOCIATES, INC. - SWD PIPELINE // 12" // LAID ACROSS MARSH & BURIED 3' MIN BLW WATERWAYS & ROADS // PROPOSED // Begin: DIASU FACILITY // End: SAMUEL GARY 1 // Status: Authorization Granted - Special Conditions |
| P20051645 | DRILLSITE & STRUCTURES WATKINS NO 232 WELL |
| P20060222 | BOARDED DRILL SITE |
| P20060222 | DRILL SITE R. E. ODOM 21 NO 3 |
| P20060954 | DRILL SITE BONNE TERRE EXP. CO LLC NO 1 |
| P20060954 | RING LEVEE |
| P20061398 | SAMUEL GARY, JR. & ASSOCIATES, INC. - FLOWLINE // 6" // 3' MIN BLW ML; BORED // PROPOSED // Begin: EDGE DRILL SITE // End: SAMUEL GARY NO 1 FACILITY // Status: Authorization Granted - Special Conditions |
| P20061806 | PINTAIL ALLEY TRENASSE MAINTENANCE |
| P20061807 | 800' LEVEE REPAIR |
| P20070332 | BONNE TERRE EXP CO LLC ET AL NO 4 WELL |
| P20070332 | BONNE TERRE EXP CO LLC ET AL NO 5 WELL |
| P20070332 | DRILL SITE, LOCATION |
| P20070332 | LIMESTONE FILL, BOARD ROAD |
| P20070633 | LEVEE CONSTRUCTION |
| P20080029 | BRINE DISPOSAL WELL |
| P20080029 | CAVERN 1 NO WELL |

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20080029 | CAVERN 2 NO WELL |
| P20080029 | COMPRESSOR STATION |
| P20080029 | CULVERT: 24" |
| P20080029 | DITCH |
| P20080029 | DREDGING |
| P20080029 | FILL |
| P20080029 | FILL, RING LEVEE, TEMPORARY WORK AREA |
| P20080029 | KAISER-FRANCIS OIL COMPANY - AIR LINE // 2" // ON STANCHIONS // PROPOSED // Begin: CAVERN 1 NO WELL // End: COMPRESSOR SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - BRINE DISPOSAL LINE // 16" // // PROPOSED // Begin: *1* // End: DISPOSAL WELL // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - BRINE DISPOSAL LINE // 16" // ON STANCHIONS // PROPOSED // Begin: CAVERN 1 NO WELL // End: COMPRESSOR SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - BRINE DISPOSAL LINE // 16" // ON STANCHIONS // PROPOSED // Begin: CAVERN 2 NO WELL // End: COMPRESSOR SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - BRINE DISPOSAL LINE // 16" // ON STANCHIONS // PROPOSED // Begin: DISPOSAL WELL // End: PROPOSED BRINE LINE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - FLOWLINE // 30" // 5' - 33' BLW ML // PROPOSED // Begin: KFOC FACILITY BORE ENTRY // End: TRANSCO CONNECT VALVE SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - GAS LINE // 20" // 4' BLW ML // PROPOSED // Begin: CAVERN 1 NO WELL // End: COMPRESSOR SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - GAS LINE // 20" // 4' BLW ML // PROPOSED // Begin: CAVERN 2 NO WELL // End: COMPRESSOR SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - PIPELINE // 24" // 2' - 33' BLW ML // PROPOSED // Begin: KFOC FACILITY BORE ENTRY // End: TRANSCO CONNECT VALVE SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - PIPELINE // 24" // 3' - 20' BLW ML // PROPOSED // Begin: VALVE SITE // End: WORKSITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - SUPPLY LINE // 12" // // PROPOSED // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - SUPPLY LINE // 12" // // PROPOSED // Begin: *13* // End: LEACHING FACILITY // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - SUPPLY LINE // 8" // // PROPOSED // Begin: WATER WELL 1 // End: *1* // Status: Authorization Granted - Special Conditions |

*Black Bayou*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P20080029 | KAISER-FRANCIS OIL COMPANY - SUPPLY LINE // 8" // // PROPOSED // Begin: WATER WELL 2 // End: *13* // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - SUPPLY LINE // 8" // // PROPOSED // Begin: WATER WELL 5 // End: *13* // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - WATER LINE // 16" // ON STANCHIONS // PROPOSED // Begin: CAVERN 1 NO WELL // End: COMPRESSOR SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | KAISER-FRANCIS OIL COMPANY - WATER LINE // 16" // ON STANCHIONS // PROPOSED // Begin: CAVERN 2 NO WELL // End: COMPRESSOR SITE // Status: Authorization Granted - Special Conditions |
| P20080029 | LEACHING FACILITY & DIASU FACILITY |
| P20080029 | LIMESTONE FILL |
| P20080029 | LIMESTONE FILL @ EAST CONSTRUCTION STAGING AREA |
| P20080029 | LIMESTONE FILL @ WATER WELL 2 |
| P20080029 | LIMESTONE FILL @ WATER WELL 5 |
| P20080029 | LIMESTONE FILL AROUND WATER WELL 3 |
| P20080029 | LIMESTONE ROAD |
| P20080029 | PUSH SITE, SAND FILL, BOARDED |
| P20080029 | RING LEVEE |
| P20080029 | RING LEVEE & FILL |
| P20080029 | WATER WELL #1 |
| P20080029 | WATER WELL 2 |
| P20080029 | WATER WELL 3 |
| P20080029 | WATER WELL 4 |
| P20080029 | WATER WELL 5 |
| P20080029 | WORK SITE= TRENCH & SPOIL |
| P20080905 | permit expired -RING LEVEES, BOARD ROAD |
| P20080905 | WELL LOC permit expired & STRS; HBY RB SUA NO 1 |
| P20090150 | BOARDED AREA OF LIMESTONE PAD |
| P20090150 | WELL LOCATION & STRUCTURES: 7-1 |
| P20090809 | TERRACE |
| P20091071 | WELL LOCATION R E ODOM 21 NO 3: REAUTHORIZATION |
| P20100012 | TERRACING PROJECT: 108 ACRES, 275,000LF |
| P20110361 | BOARD ROAD & RING LEVEES |
| P20110361 | DRILL SITE & STRUCTURES HBY RB SUA NO 1 WELL |
| P20110828 | DRILLSITE & RING LEVEE: JB WATKINS NO 269 WELL |
| P20110829 | DRILLSITE & RING LEVEE: JB WATKINS NO 270 WELL |
| P20120006 | DRILL SITE & LOC BONNE TERRE EXPL CO LLC ET AL 7-1 |
| P20120051 | STRUCTURES FOR DRILLING J B WATKINS WELL NO 271 |
| P20120051 | STRUCTURES FOR DRILLING J B WATKINS WELL NO 272 |
| P20120051 | STRUCTURES FOR DRILLING J B WATKINS WELL NO 273 |

*Black Bayou*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20120051 | STRUCTURES FOR DRILLING J B WATKINS WELL NO 274 |
| P20120115 | MITIGATION: BORROW AREAS |
| P20120115 | MITIGATION: TERRACES |
| P20120115 | MITIGATION: TERRACES & BORROW AREAS |
| P20120381 | STRUCTURES: J.B.WATKINS NO 275 WELL |
| P20120381 | STRUCTURES: J.B.WATKINS NO 276 WELL |
| P20120502 | DIASU OIL & GAS CO., INC. - FLOWLINE // 4" // 4' - 20' BLW ML // PROPOSED // Begin: BLACK BAYOU CENTRAL FACILITY // End: BLACK BAYOU CENTRAL STORAGE // Status: Authorization Granted - Special Conditions |
| P20121100 | CULVERT PIPE |
| P20121100 | DITCH CLEANOUT & SPOIL |
| P20121100 | LEVEE RECONSTRUCTION: NORTH EAST LEVEE |
| P20121100 | LEVEE RECONSTRUCTION: SOUTH LEVEE |
| P20121100 | LEVEE RECONSTRUCTION: STARKS BAYOU LEVEE |
| P20121100 | TERRACE LEVEES |
| P20130360 | WELL LOCATION & STRS: PROSPECT NO 1 |
| P20130360 | WELL LOCATION & STRS: PROSPECT NO 2 |
| P20131686 | WELL LOCATION: J.B.WATKINS NO 275 |
| P20131686 | WELL LOCATION: J.B.WATKINS NO 276 |
| P20131699 | WELL LOCATION: J.B.WATKINS NO 271 |
| P20131699 | WELL LOCATION: J.B.WATKINS NO 272 |
| P20131699 | WELL LOCATION: J.B.WATKINS NO 273 |
| P20131699 | WELL LOCATION: J.B.WATKINS NO 274 |
| P20140331 | WELL LOCATION & STRS: J.B.WATKINS NO 276 |
| P20140331 | WELL LOCATION: J.B.WATKINS NO 275 |

*Black Bayou*

## EXHIBIT E

### Map of Oil & Gas Wells within the Operational Area

Orange triangles indicate the surface locations of Oil & Gas Wells. *Source: LDNR*

# 2015 Aerial



*Black Bayou*

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

### AMOCO PRODUCTION COMPANY

| | | |
|---|---|---|
| 27600 | 127797 | 147966 |
| 29021 | 127956 | 148502 |
| 30193 | 128088 | 148917 |
| 31983 | 128117 | 150650 |
| 32363 | 128118 | 150782 |
| 47846 | 128418 | 151022 |
| 66171 | 128664 | 151397 |
| 83261 | 128824 | 151772 |
| 83455 | 128907 | 152299 |
| 84865 | 129236 | 152404 |
| 85162 | 129399 | 153440 |
| 86168 | 129413 | 154294 |
| 86465 | 129768 | 154296 |
| 88584 | 130669 | 155155 |
| 88586 | 131008 | 155600 |
| 89659 | 131043 | 158283 |
| 90465 | 131590 | 158567 |
| 98312 | 131805 | 158569 |
| 99077 | 132355 | 159365 |
| 99109 | 132537 | 159448 |
| 99504 | 132734 | 159697 |
| 110188 | 133105 | 160329 |
| 110335 | 133325 | 165455 |
| 111630 | 133768 | 168448 |
| 111841 | 133910 | 169082 |
| 112061 | 134071 | 169849 |
| 113162 | 134302 | 170117 |
| 113897 | 134303 | 170816 |
| 114543 | 134393 | 171276 |
| 122786 | 134746 | 171277 |
| 123165 | 135059 | 171725 |
| 123322 | 135223 | 171810 |
| 123984 | 135294 | 173287 |
| 124284 | 136596 | 173556 |
| 126654 | 141972 | 175096 |
| 126655 | 142446 | 178319 |
| 127579 | 147943 | 183139 |

*Black Bayou*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 184355 | 202076 | 209665 |
| 187045 | 203554 | 209666 |
| 187738 | 204612 | 215289 |
| 188630 | 205573 | 217494 |
| 189272 | 205780 | 217661 |
| 191173 | 206065 | 217739 |
| 191222 | 206475 | 971408 |
| 196656 | 206547 | |
| 198287 | 208237 | |

**BADGER OIL CORPORATION**

199636

**CENTRAL RESOURCES, INC.**

| | | |
|---|---|---|
| 124284 | 129413 | 191173 |
| 127579 | 131805 | 204612 |
| 128088 | 141972 | 205573 |
| 128664 | 142446 | 208237 |
| 128824 | 178319 | 971408 |
| 129236 | 184355 | |
| 129399 | 188630 | |

**COVEY ENERGY, INC.**

218362

**DIASU OIL & GAS CO., INC.**

| | | |
|---|---|---|
| 27600 | 88584 | 110335 |
| 29021 | 88586 | 111630 |
| 30193 | 89659 | 111841 |
| 31983 | 90465 | 112061 |
| 32363 | 98312 | 113162 |
| 47846 | 99077 | 113897 |
| 66171 | 99109 | 114543 |
| 83261 | 99504 | 122786 |
| 83455 | 100492 | 123165 |
| 84865 | 100524 | 123322 |
| 85162 | 100731 | 123984 |
| 86168 | 100832 | 126654 |
| 86465 | 110188 | 126655 |

F-2

*Black Bayou*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 127797 | 148917 | 171276 |
| 127956 | 150650 | 171277 |
| 128418 | 151022 | 171725 |
| 131008 | 151397 | 173287 |
| 131043 | 151772 | 173556 |
| 131590 | 152299 | 175096 |
| 132355 | 152404 | 187045 |
| 132537 | 153440 | 187738 |
| 132734 | 154294 | 189272 |
| 133105 | 154296 | 196656 |
| 133325 | 155155 | 198287 |
| 133768 | 155600 | 202076 |
| 133910 | 158283 | 203554 |
| 134071 | 158567 | 206065 |
| 134302 | 158569 | 206475 |
| 134303 | 159365 | 206547 |
| 134393 | 159448 | 215289 |
| 134746 | 159697 | 217494 |
| 135059 | 160329 | 217661 |
| 135223 | 165455 | 217739 |
| 135294 | 168448 | 232160 |
| 136596 | 169082 | 244088 |
| 147943 | 169849 | 244089 |
| 147966 | 170117 | 244626 |
| 148502 | 170816 | |

**EXCO RESOURCES, INC.**

| | | |
|---|---|---|
| 124284 | 129413 | 191173 |
| 127579 | 131805 | 204612 |
| 128088 | 141972 | 205573 |
| 128664 | 142446 | 208237 |
| 128824 | 178319 | 971408 |
| 129236 | 184355 | |
| 129399 | 188630 | |

**GREAT SOUTHERN OIL &GAS CO INC**

205957

F-3

*Black Bayou*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

**IBERIA OPERATING CORPORATION**

218362

**MW PETROLEUM CORPORATION**

| | | |
|---|---|---|
| 124284 | 129413 | 191173 |
| 127579 | 131805 | 204612 |
| 128088 | 141972 | 205573 |
| 128664 | 142446 | 208237 |
| 128824 | 178319 | 971408 |
| 129236 | 184355 | |
| 129399 | 188630 | |

**OLEUM OPERATING COMPANY, L.C.**

| | | |
|---|---|---|
| 128664 | 188630 | 226898 |
| 129399 | 205573 | 227775 |
| 129413 | 208237 | 228369 |

**RIMCO PRODUCTION COMPANY, INC.**

| | | |
|---|---|---|
| 27600 | 99504 | 131590 |
| 29021 | 110188 | 132355 |
| 30193 | 110335 | 132537 |
| 31983 | 111630 | 132734 |
| 32363 | 111841 | 133105 |
| 47846 | 112061 | 133325 |
| 66171 | 113162 | 133768 |
| 83261 | 113897 | 133910 |
| 83455 | 114543 | 134071 |
| 84865 | 122786 | 134302 |
| 85162 | 123165 | 134303 |
| 86168 | 123322 | 134393 |
| 86465 | 123984 | 134746 |
| 88584 | 126654 | 135059 |
| 88586 | 126655 | 135223 |
| 89659 | 127797 | 135294 |
| 90465 | 127956 | 136596 |
| 98312 | 128418 | 147943 |
| 99077 | 131008 | 147966 |
| 99109 | 131043 | 148502 |

F-4

*Black Bayou*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 148917 | 159448 | 189272 |
| 150650 | 159697 | 196656 |
| 150782 | 160329 | 198287 |
| 151022 | 165455 | 202076 |
| 151397 | 168448 | 203554 |
| 151772 | 169082 | 206065 |
| 152299 | 169849 | 206475 |
| 152404 | 170117 | 206547 |
| 153440 | 170816 | 215289 |
| 154294 | 171276 | 217494 |
| 154296 | 171277 | 217661 |
| 155155 | 171725 | 217739 |
| 155600 | 173287 | 226767 |
| 158283 | 173556 | 227181 |
| 158567 | 175096 | 227539 |
| 158569 | 187045 | |
| 159365 | 187738 | |

## SAMUEL GARY JR. & ASSOC., INC.

| | | |
|---|---|---|
| 27600 | 99504 | 131590 |
| 29021 | 110188 | 132355 |
| 30193 | 110335 | 132537 |
| 31983 | 111630 | 132734 |
| 32363 | 111841 | 133105 |
| 47846 | 112061 | 133325 |
| 66171 | 113162 | 133768 |
| 83261 | 113897 | 133910 |
| 83455 | 114543 | 134071 |
| 84865 | 122786 | 134302 |
| 85162 | 123165 | 134303 |
| 86168 | 123322 | 134393 |
| 86465 | 123984 | 134746 |
| 88584 | 126654 | 135059 |
| 88586 | 126655 | 135223 |
| 89659 | 127797 | 135294 |
| 90465 | 127956 | 136596 |
| 98312 | 128418 | 147943 |
| 99077 | 131008 | 147966 |
| 99109 | 131043 | 148502 |

F-5

*Black Bayou*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 148917 | 159697 | 198287 |
| 150650 | 160329 | 202076 |
| 150782 | 165455 | 203554 |
| 151022 | 168448 | 206065 |
| 151397 | 169082 | 206475 |
| 151772 | 169849 | 206547 |
| 152299 | 170117 | 215289 |
| 152404 | 170816 | 217494 |
| 153440 | 171276 | 217661 |
| 154294 | 171277 | 217739 |
| 154296 | 171725 | 226073 |
| 155155 | 173287 | 226898 |
| 155600 | 173556 | 227445 |
| 158283 | 175096 | 227775 |
| 158567 | 187045 | 228137 |
| 158569 | 187738 | 228369 |
| 159365 | 189272 | |
| 159448 | 196656 | |

## SHELL OIL COMPANY

| | | |
|---|---|---|
| 17629 | 52522 | 88586 |
| 17724 | 53993 | 89659 |
| 18118 | 53994 | 90465 |
| 27600 | 55392 | 90790 |
| 29021 | 55522 | 97518 |
| 30193 | 66171 | 97655 |
| 31137 | 83261 | 98312 |
| 31983 | 83454 | 98803 |
| 32363 | 83455 | 99077 |
| 32568 | 83946 | 99109 |
| 32788 | 84370 | 99504 |
| 32934 | 84865 | 100110 |
| 33335 | 85162 | 102349 |
| 34072 | 85163 | 103121 |
| 35511 | 85164 | 110188 |
| 47478 | 86168 | 110335 |
| 47846 | 86465 | 111019 |
| 48722 | 86645 | 111630 |
| 52309 | 88584 | 111841 |

F-6

*Black Bayou*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 112061 | 133640 | 153440 |
| 113162 | 133767 | 153869 |
| 113270 | 133768 | 154294 |
| 113897 | 133910 | 154295 |
| 114543 | 134071 | 154296 |
| 118204 | 134072 | 154632 |
| 119115 | 134302 | 155155 |
| 122090 | 134303 | 155600 |
| 122213 | 134393 | 156279 |
| 122786 | 134613 | 158283 |
| 123092 | 134746 | 158567 |
| 123165 | 134994 | 158569 |
| 123322 | 135059 | 159365 |
| 123360 | 135223 | 159448 |
| 123984 | 135294 | 159697 |
| 125414 | 135521 | 160329 |
| 126653 | 136596 | 164813 |
| 126654 | 139339 | 165455 |
| 126655 | 145454 | 168448 |
| 127797 | 145733 | 169082 |
| 127956 | 147331 | 169849 |
| 128418 | 147546 | 170117 |
| 129362 | 147943 | 170816 |
| 129548 | 147966 | 171276 |
| 130222 | 148502 | 171277 |
| 130307 | 148917 | 171725 |
| 131008 | 149152 | 173287 |
| 131043 | 150650 | 173331 |
| 131590 | 150782 | 173556 |
| 132355 | 151022 | 175096 |
| 132424 | 151397 | 175231 |
| 132537 | 151772 | 187045 |
| 132734 | 152299 | 187564 |
| 133105 | 152404 | 187738 |
| 133106 | 152893 | 189272 |
| 133325 | 152970 | 189522 |

### SHELL WESTERN E&P INC.

| | | |
|---|---|---|
| 17724 | 18118 | 27600 |

F-7

*Black Bayou*

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 29021 | 97655 | 129548 |
| 30193 | 98312 | 130222 |
| 31137 | 98803 | 130307 |
| 31983 | 99077 | 131008 |
| 32363 | 99109 | 131043 |
| 32568 | 99504 | 131590 |
| 32788 | 100110 | 132355 |
| 32934 | 100729 | 132424 |
| 33335 | 101702 | 132537 |
| 34072 | 102178 | 132734 |
| 35511 | 102349 | 133105 |
| 47478 | 103121 | 133106 |
| 47846 | 110188 | 133325 |
| 48722 | 110335 | 133767 |
| 52309 | 111019 | 133768 |
| 52522 | 111630 | 133910 |
| 53993 | 111841 | 134071 |
| 53994 | 112061 | 134302 |
| 55392 | 113162 | 134303 |
| 55522 | 113270 | 134393 |
| 66171 | 113897 | 134613 |
| 83261 | 114543 | 134746 |
| 83454 | 118204 | 135059 |
| 83455 | 119115 | 135223 |
| 83946 | 122090 | 135294 |
| 84370 | 122213 | 135521 |
| 84865 | 122786 | 136596 |
| 85162 | 123092 | 139339 |
| 85163 | 123165 | 145454 |
| 85164 | 123322 | 145733 |
| 86168 | 123360 | 147331 |
| 86465 | 123984 | 147546 |
| 86645 | 125414 | 147943 |
| 88584 | 126653 | 147966 |
| 88586 | 126654 | 148502 |
| 89659 | 126655 | 148917 |
| 90465 | 127797 | 149152 |
| 90790 | 127956 | 150650 |
| 97518 | 128418 | 150782 |

F-8

*Black Bayou*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 151022 | 159448 | 189522 |
| 151397 | 159697 | 190772 |
| 151772 | 160329 | 190773 |
| 152299 | 164813 | 191895 |
| 152404 | 165455 | 195920 |
| 152893 | 168448 | 195921 |
| 152970 | 169082 | 196656 |
| 153440 | 169849 | 198192 |
| 153869 | 170117 | 198287 |
| 154294 | 170816 | 201869 |
| 154295 | 171276 | 202076 |
| 154296 | 171277 | 203554 |
| 154632 | 171725 | 206065 |
| 155155 | 173287 | 206475 |
| 155600 | 173556 | 206547 |
| 156279 | 175096 | 212683 |
| 158283 | 175231 | 215289 |
| 158567 | 187045 | 217494 |
| 158569 | 187738 | 217661 |
| 159365 | 189272 | 217739 |

**THE CALIFORNIA COMPANY**

| | | |
|---|---|---|
| 100492 | 100731 | 102178 |
| 100524 | 100832 | |
| 100729 | 101702 | |

**TRANSCO EXPLORATION COMPANY**

| |
|---|
| 172268 |
| 173623 |

F-9

*Black Bayou*

## EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

**ZADECK ENERGY GROUP, INC.**

218362

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO. 10-19579

THE PARISH OF CAMERON

VS

APACHE CORPORATION OF DELAWARE, INC., ET AL.

DATE FILED: _____ DEPUTY CLERK:_____

---

## PETITION FOR INTERVENTION

NOW INTO COURT, through undersigned counsel, comes THE STATE OF LOUISIANA, *EX REL.* JEFF LANDRY, ATTORNEY GENERAL, who respectfully intervenes in this action to protect and enforce the rights of the citizens of the State of Louisiana to a sustainable coastal zone:

**1.**

The Parish of Cameron (hereinafter "the Parish") has alleged violations of the Louisiana Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, "the LCR") in Cameron Parish as a result of activities by the defendants. The Parish has filed this action to seek restoration of property and damages.

**2.**

Counsel for the Parish filed the original Petition "on its own behalf and in the name of the State of Louisiana" notwithstanding the fact that there is no contract between counsel and any State agency or State official authorized to represent the State of Louisiana. This purported co-representation was done under the Parish's interpretation of La. R.S. 49:214.36, which it believed authorized such a filing.

**3.**

On December 1, 2014, following removal of a nearly identical suit from Plaquemines Parish to federal court, Judge Jay C. Zainey agreed with Plaquemines Parish's interpretation that

the State of Louisiana was a real party in interest and that the Parish was authorized to sue in matters such as this under La. R.S. 49:214.36(D) *on behalf of* the State of Louisiana.[1]

**4.**

The Attorney General of the State of Louisiana files this Petition for Intervention as authorized by La. R.S. 49:214.36(D) and in accordance with his authority under Art. IV, Section. 8, of the Louisiana Constitution to intervene in any lawsuit and supersede the attorneys in representing the interests of the State of Louisiana, more specifically, "as necessary for the assertion or protection of any right or interest of the state, the attorney general **shall have the authority** (1) to institute, prosecute, or intervene in any civil action or proceeding.

**5.**

The Attorney General, as the Chief Legal Officer of the State, has an overriding obligation to protect the interests of the State as a whole. This matter raises issues that have policy and legal implications that are far reaching and necessitate representation by the State's Chief Legal Officer.

**6.**

By filing this Petition, the State of Louisiana is not adopting the Parish's reasoning, nor Judge Zainey's dicta in the Plaquemines Parish suit regarding co-representation. However, to ensure that no State claims are encumbered absent the presence of the State's Chief Legal Officer, the Attorney General hereby seeks intervention.

**7.**

In addition to protecting the litigious rights provided by La. R.S.49:214.36(D), the State intervenes to enforce the contents of the LCR and to ensure that any and all unpermitted and unmitigated damage to the coastal zone is remediated and restored in accordance with the Constitution of the State of Louisiana and applicable laws and regulations administered by the Louisiana Department of Natural Resources, the Coastal Protection and Restoration Authority, the Attorney General, and any other agencies and political subdivisions of the State.

**8.**

In the alternative, the State intervenes under the authority of the Public Trust Doctrine, Louisiana Constitution Article IX, Section 1, which provides, in pertinent part,

---

[1] Judge Zainey's adoption of the Parish's reasoning on the purported representation of the State of Louisiana was dicta as the analysis followed his proclamation that "[t]he Court's ruling on the egregious misjoinder issue renders moot the question whether the claims on behalf of the State destroy diversity jurisdiction. For completeness, the Court nonetheless will address this potential impediment to diversity jurisdiction." *Plaquemines v. Total Petrochemical & Refining USA, INC. et al.*, 64 F.Supp.3d. 872, 887 (E.D.La. 2014).

The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy.

**9.**

Further, the Attorney General intervenes pursuant to Article 1091 of the Louisiana Code of Civil Procedure in that the Attorney General, as the State's chief legal officer, has the authority and responsibility to bring a *parens patriae* action to protect and preserve the State's natural resources and the environment.

**10.**

An intervention is defined by La. C.C.P. Art. 1031 as an incidental demand and, because no answer has been filed in this case, La. C.C.P. Art. 1033 provides that the State may intervene without leave of court.

**11.**

Pursuant to the aforementioned authority, the State of Louisiana, *ex rel.* Attorney General Jeff Landry, asserts its jurisdiction over all claims originally asserted by the Parish of Cameron and hereby supersedes said claims as though made by the State through the Attorney General in the first instance.

**12.**

The State's claims track closely to those claims asserted by the Parish under La. R.S. 49:214.36 for dredging activities contributing to the degradation of property in the coastal zone. However, the State makes no claims related to waste pits, the release of contaminants, pollutants, waste leachate, and toxic substances as put forth by the Parish.

**13.**

The State's claims are limited to the Defendants' oil and gas activities that resulted in the dredging of numerous canals in Cameron Parish as originally detailed in Paragraphs 25-33 of the Parish's Petition.

**14.**

In sum, the State of Louisiana, through the Attorney General, seeks to intervene in this suit to protect the State's independent litigious rights under La. R.S. 49:214.36, which may be interpreted as being encumbered by the Parish's current posture in this case and by previous rulings of the United States District Court for the Eastern District of Louisiana. For that reason,

the State, through the Attorney General, herein and hereby asserts as its own the Parish's claims in this matter under La. R.S. 49:214.36.

## 15.

The State of Louisiana asserts the right to recover all civil penalties, damages, payments of restorations costs, actual restoration of the disturbed areas, and other reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit.

## 16.

The State of Louisiana further asserts the right to recover costs and attorney fees from any party found to be responsible.

## 17.

The State of Louisiana also reserves the right to seek injunctive relief, specific performance, and any other applicable remedies or equitable or relief permitted by law.

WHEREFORE, THE STATE OF LOUISIANA, *EX REL*. JEFF LANDRY, ATTORNEY GENERAL, prays:

(1) that judgment be rendered in favor of Intervenor and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit in accordance with La. R.S. 49:214.21, *et seq.;*

(2) that, alternatively, judgment be rendered in favor of Intervenor on behalf of the State in its capacity as public trustee or as *parens patriae*, and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit;

(3) that judgment be rendered in favor of the Attorney General, the Chief Legal Office of the State, to supersede the Parish's attorneys.

(4)     that judgment be rendered in favor of Intervenor and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit, for damages, reasonable costs and attorney fees incurred by or on behalf of the State in responding to such activities and enforcing the State's rights;

(5)     that Defendants be ordered to restore the Cameron Parish Coastal Zone to its original condition or make payments for such restoration costs.;

(6)     such other and further relief available, subject to any limitations set forth in the petition.

(7)     The State of Louisiana requests trial by jury.

Intervenor further prays for all costs of these proceedings, for all necessary orders and decrees as may be required or proper in the premises and for full, general, and equitable relief.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seidemann (Bar #28991)
Elizabeth B. Murrill (Bar #20685)
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:     (225) 326-6085
Facsimile:     (225) 326-6099
*Attorneys for the State of Louisiana*

**SHERIFF: PLEASE WITHHOLD SERVICE**

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19579

THE PARISH OF CAMERON

VS

APACHE CORPORATION OF DELAWARE, INC., ET AL.

FILED                                    DEPUTY CLERK

---

ORDER

Considering the above and foregoing Petition for Intervention filed by THE STATE OF LOUISIANA, EX REL. JEFF LANDRY, ATTORNEY GENERAL;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the State of Louisiana's Petition for Intervention is hereby granted for the Attorney General to supersede the Plaintiff's claims in this matter on behalf of the State of Louisiana in this case.

Cameron, Louisiana this 17th day of March, 2016.

_Penelope Richard_

HONORABLE PENELOPE RICHARD
JUDGE, 38th JUDICIAL DISTRICT COURT

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

DEPUTY CLERK OF COURT

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19579

THE PARISH OF CAMERON

VS

APACHE CORPORATION OF DELAWARE, INC., ET AL.

FILED: _____   _____
                                              DEPUTY CLERK

RECEIVED & FILED
CLERK OF COURT
CAMERON PARISH, LA.
2016 MAR 14  PM 4 06

---

## REQUEST FOR NOTICE

THE STATE OF LOUISIANA, *ex rel.* JEFF LANDRY., ATTORNEY GENERAL, respectfully requests written notice of the trial date, hearings (whether on the merits or otherwise), orders, judgments, and interlocutory decrees, and any and all other matters as provided in the Louisiana Code of Civil Procedure articles 1572, 1913, and 1914.

Respectfully submitted:

JEFF LANDRY
ATTORNEY GENERAL

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seidemann (Bar #28991)
Elizabeth B. Murrill (Bar #20685)
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:        (225) 326-6085
Facsimile:             (225) 326-6099
*Attorneys for the State of Louisiana*

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA

**THIRTY EIGHTH JUDICIAL DISTRICT COURT**

RECEIVED & FILED

**PARISH OF CAMERON**

2016 MAR 28 PM 2 21

**STATE OF LOUISIANA**

CLERK OF COURT
CAMERON PARISH, LA.

NO.   10-19579

**THE PARISH OF CAMERON**

**VS**

**APACHE CORPORATION OF DELAWARE, INC., ET AL.**

DATE FILED: _____          DEPUTY CLERK:_____

---

**RULE TO SHOW CAUSE**

---

MAY IT PLEASE THE COURT:

CONSIDERING the Petition for Intervention and the Attorney General's request to supersede the Parish's Attorneys filed on March 14, 2016, by the State of Louisiana, *ex rel.* Jeff Landry, Attorney General,

IT IS HEREBY ORDERED that pursuant to La. Const. Art. IV § 8, the Attorney General's request to supersede the Parish's Attorneys be and hereby is set for hearing on the 25th day of April, 2016, at 10:00 o'clock a.m.

Cameron, Louisiana, this 1st day of April, 2016.

*Penelope Richard*
Judge Penelope Q. Richard
38th Judicial District Court

4-4 ,20 16

I hereby certify that a copy of the foregoing
notice was this day mailed by me to the counsel
of record for all parties and to such of the
litigants, is any, who are not represented by
counsel, which notices were addressed
respectively, at their last known address
with postage prepaid,

_____
Dy Clerk of Court

Steven Jones
Chad Mudd
John Carmouche
Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:_____
Steven B. "Beaux" Jones (#33915)
Assistant Attorney General

**PLEASE HOLD SERVICE**

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

_DEPUTY CLERK OF COURT_
CAMERON PARISH LOUISIANA

**THIRTY EIGHTH JUDICIAL DISTRICT COURT**

RECEIVED & FILED

**PARISH OF CAMERON**

2016 MAR 31  PM 3 27

**STATE OF LOUISIANA**

CLERK OF COURT
CAMERON _____ LA.

NO.   10-19579

**THE PARISH OF CAMERON**

**VS**

**APACHE CORPORATION OF DELAWARE, INC., ET AL.**

DATE FILED: _____          DEPUTY CLERK:_____

---

**ORDER**

---

**MAY IT PLEASE THE COURT:**

CONSIDERING the request by the State of Louisiana and subsequent filing of a Rule to Show Cause regarding the Attorney General's request to supersede the Parish's Attorney's pursuant to La. Const. Art. IV, §8,

IT IS HEREBY ORDERED that the Court's Ex Parte Order granting the Attorney General's request to supersede is HEREBY VACATED.

Cameron, Louisiana, this 1st day of April 2016.

*Penelope Richard*

Judge Penelope Q. Richard
38th Judicial District Court

I hereby certify that a copy of the foregoing
notice was this day maile by me to all counsel
of record for all parties and to such other
litigants, is any, who are not represented by
counsel, which notices were addressed
respectively, at their last known address
with postage prepaid.

4-4  ,20 16

_____
Dy Clerk of Court

*Steven Jones*
*Chad Mudd*
*John Carmouche*

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:_____
Steven B. "Beaux" Jones (#33915)
Assistant Attorney General

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

_Debbie Sauoie_

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA

THE PARISH OF CAMERON

VERSUS

APACHE CORPORATION (OF
DELAWARE), BADGER OIL
CORPORATION, BP AMERICA
PRODUCTION COMPANY, CENTRAL
RESOURCES, INC., CHEVRON U.S.A.,
INC., COVEY ENERGY, INC., DIASU OIL
& GAS COMPANY, INC., EXCO
RESOURCES, INC., GREAT SOUTHERN
OIL & GAS COMPANY, INC., IBERIA
OPERATING CORPORATION, OLEUM
OPERATING COMPANY, L.C., SAMUEL
GARY JR. & ASSOSIATES, INC., SHELL
OIL COMPANY, SWEPI LP, TRANSCO
EXPLORATION COMPANY, WEC
ONSHORE, LLC AND
ZADECK ENERGY GROUP, INC..

NUMBER: 10-19579 RECEIVED & FILED

2016 APR 13   AM 10 40

CLERK OF COURT
CAMERON PARISH, LA.

38TH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

---

## PETITON IN INTERVENTION OF THE STATE OF LOUISIANA,
## THROUGH THE DEPARTMENT OF NATURAL RESOURCES,
## OFFICE OF COASTAL MANAGEMENT

---

NOW INTO COURT, through undersigned counsel, come the **State of Louisiana,**

through the **Louisiana Department of Natural Resources, Office of Coastal Management** and

its **Secretary, Thomas F. Harris**, who respectfully represent as follows and request the Court

allow this intervention:

1.

Louisiana Code of Civil Procedure article 1091 provides:

A third person having an interest therein may intervene in a pending action to
enforce a right related to or connected with the object of the pending action
against one or more of the parties thereto by:

(1) Joining with plaintiff in demanding the same or similar relief against the
defendant;
(2) United with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.

2.

A two-fold inquiry has developed in Louisiana's jurisprudence regarding the

requirements for intervention: first, the intervenor must have a justiciable interest in, and a

connection to, the principle action. *Palace Props., L.L.C. v. City of Hammond*, (La.App. 1 Cir.

6/27/2003), 859 So.2d 15, 20, *citing Niemann v. American Gulf Shipping, Inc.*, 96-687, p. 6

(La.App. 5 Cir. 1/15/97), 688 So.2d 42, 45, *writ denied 97-0404*, (La. 3/27/97). 692 So.2d 397.

The First Circuit, in *Amoco Production Company v. Columbia Gas Transmission Corporation*,

455 So.2d 1260, 1264 (La.App. 1 Cir. 8/31/1984), defined "justiciable right" in the context of an intervention as "the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both...." As to the second inquiry, the court further held that the justiciable right must be "so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights." *Id.* As set forth in more detail below, Louisiana law provides the State of Louisiana, through the Louisiana Department of Natural Resources ("DNR"), Office of Coastal Management ("OCM") with concurrent authority to enforce the provisions of law at issue in the current matter, thereby satisfying the justiciable interest prong. Moreover, that interest is directly connected to the principal action because any judgment issued in that action is subject to the requirements of La. R.S. 49:214.36(O), which requires monies received by a parish be used for integrated coastal protection. Consequently, DNR/OCM has a right to intervene in this proceeding in order to protect the rights of the State pursuant to their respective areas of statutory authority.

3.

Interventions must also be timely, in accordance with La. Code of Civ. Proc. art. 1031 and 1033. As an incidental demand under La. C.C.P. art. 1031, a petition for intervention can be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. It may be filed after an answer, with leave of court, if it will not retard the progress of the principal action. La. C.C.P. art. 1033. The First Circuit Court of Appeal has held that, "[a]n intervention may be filed only while suit is pending and before judgment on the main demand." *Van Lieu v. Winn-Dixie of Louisiana, Inc.*, 446 So.2d 1362, 1366 (La.App. 1 Cir. 1984). Courts have great discretion in deciding whether to allow an intervention if such intervention will not retard the progress of the main demand. *See Madere v. Lennix*, 535 So.2d 1290 (La.App. 5 Cir. 1988), *citing Volume Shoe Corp. v. Armato*, 341 So.2d 611 (La.App. 2 Cir. 1977).

**BACKGROUND**

4.

On November 8, 2013, Cameron Parish and the State of Louisiana, *ex rel.* Parish of Cameron filed a Petition for Damages to the Cameron Parish Coastal Zone (the "Petition") against several oil and gas exploration, production, and transportation operations seeking damages for destruction to coastal land and waterbodies allegedly caused by the Defendants

activities. The Plaintiffs specifically seek damages as provided in the State and Local Coastal Resources Management Act of 1978, La. R.S. 49:214.21, *et seq.* ("SLCRMA"), the payment of restoration costs, and actual restoration of the Cameron Parish Coastal Zone.

5.

On December 18, 2013, the Defendants removed the state court action to the federal district court for the Eastern District of Louisiana alleging original jurisdiction based on diversity jurisdiction, Outer Continental Shelf Lands Act, general maritime law, and federal question jurisdiction. The Parish quickly moved to remand the matter back to state court, and on December 1, 2014, the court granted the Parish's motion remanding the matter to state court. No answers have to date been filed in this action.

6.

On March 14, 2016, Attorney General Jeff Landry intervened in this matter, along with all other similar suits seeking recovery under La. R.S. 49:214.21, *et seq.* This intervention by the State of Louisiana through DNR/OCM, in concert with the intervention filed by the Attorney General, ensures that that the State of Louisiana's interests will be fully protected in this matter, and that any funds resulting from this litigation will be properly spent on restoring Louisiana's coast.

**LEGAL FRAMEWORK**

7.

The Louisiana Department of Natural Resources ("DNR") is an executive branch agency of the state and is responsible for the conservation, management, and development of water, minerals, and other such natural resources of the state, including coastal management. La. R.S. 36:351(A). The Office of Coastal Management is created within DNR and is charged with performing the functions of the state relative to the coastal zone management program. La. R.S. 36:358; *see also* La. R.S. 49:214.26 (establishing a coastal zone program within DNR and authorizing the Secretary of DNR or his designee to administer the program).

8.

Louisiana Constitution Article IX, Section 1 provides, in pertinent part:

> The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy.

9.

The Louisiana Legislature, in 1978, enacted the State and Local Coastal Resources Management Act ("SLCRMA") (Act 361 of 1978, codified at La. R.S. 49:214.21, *et seq.*) (*i.e.* the Louisiana Coastal Zone Management Program), in order to balance conservation and development within Louisiana's coastal zone. SLCRMA is one of the public trust laws enacted by the legislature pursuant to La. Const. art. IX, sec. 1.

10.

In August 1980, Louisiana's coastal management program, the Louisiana Coastal Resources Program ("LCRP"), was approved by the National Oceanic and Atmospheric Administration ("NOAA"), U.S. Department of Commerce, under section 306 of the Coastal Zone Management Act (16 U.S.C. § 1455(d)).

11.

Pursuant to the SLCRMA, in 1980, DNR adopted, and the legislature and the governor approved, the Louisiana Coastal Use Guidelines. *See* LAC 43:I.701-719. The enforceable policies of the LCRP, as approved by NOAA, include, but are not limited to, the 94 Coastal Use Guidelines adopted by the State, as well as Article IX, Section 1 of the Louisiana Constitution.

12.

In enacting SLCRMA, the legislature declared that it was the public policy of the State:

(1)    To protect, develop, and, where feasible, restore or enhance the resources of the state's coastal zone.

***

(5)    To develop and implement a coastal resources management program which is based on consideration of our resources, the environment, the needs of the people of the state, the nation, and of state and local government.

(6)    To enhance opportunities for the use and enjoyment of the recreational values of the coastal zone.

(7)    To develop and implement a reasonable and equitable coastal resources management program with sufficient expertise, technical proficiency, and legal authority to enable Louisiana to determine the future course of development and conservation of the coastal zone and to ensure that state and local governments have the primary authority for managing coastal resources.

(8)    To support sustainable development in the coastal zone that accounts for potential impacts from hurricanes and other natural disasters and avoids environmental degradation resulting from damage to infrastructure caused by natural disasters.

La. R.S. 49:214.22.

13.

Under the SLCRMA, there are two types of coastal uses: uses of State concern and uses of local concern. Uses of State concern are those uses that directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interest of regional, state, or national concern. La. R.S. 49:214.25. Prior to commencing a use of the coastal zone, an applicant must first apply for and receive a coastal use permit ("CUP"). La. R.S. 49:214.30. The secretary of DNR ("Secretary") is designated to make decisions on coastal use permit applications for uses of State concern, whereas the local government makes decisions as to uses of local concern in areas where an approved local program is in effect. Prior to issuing a CUP, the Secretary must ensure that the activity for which the application is being made is consistent with the State's Comprehensive Master Plan for Integrated Coastal Protection ("Master Plan") and with the Coastal Use Guidelines. *Id. See also* LAC: 43.I.701, *et seq.*

14.

DNR/OCM is given specific, non-exclusive authority to enforce SLCRMA and the LCRP. La. R.S. 49:214.36(D) provides that the Secretary "may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a CUP has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." According to La. R.S. 49:214.36(E), "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of restoration costs; require, where feasible and practical, actual restoration of the areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone...[t]he court may also award costs and attorney's fees to the prevailing party."

15.

Act No. 544 of the 2014 Regular Session of the Louisiana Legislature ("Act 544") added subsection (O) to La. R.S. 49:214.36 to provide that the only state or local governmental entity rights or causes of action arising from any activity subject to the permitting of SLCRMA are those outlined in that law. Act 544 further provided that "[a]ny monies received by any state or local governmental entity arising from or related to a state or federal permit issued pursuant to R.S. 49:214.21, *et seq.* ... a violation thereof, or enforcement thereof, or for damages or other

relief arising from or related to...**shall be used for integrated coastal protection, including coastal restoration, hurricane protection, and improving the resiliency of the coastal area.**" Act 544 applies to all claims existing or pending on the effective date of the Act, which was June 6, 2014.

16.

"Integrated coastal protection" is not defined in SLCRMA; however, it is defined in La. R.S. 49:214.2, as follows:

> "Integrated coastal protection" means plans, projects, policies, and programs intended to provide hurricane protection or coastal conservation or restoration, and shall include but not be limited to coastal restoration; coastal protection; infrastructure; storm damage reduction; flood control; water resources development; erosion control measures; marsh management; diversions; saltwater intrusion prevention; wetlands and central wetlands conservation, enhancement, and restoration; barrier island and shoreline stabilization and preservation; coastal passes stabilization and restoration; mitigation; storm surge reduction; or beneficial use projects.

17.

Many of the activities asserted by Cameron Parish in its Petition to have caused the damages alleged are included within the list of activities for which a coastal use permit must be issued, including, but not limited to: (1) dredge and fill activity which intersects with more than one water body; (2) all mineral activities, including exploration for and production of, oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses; and, (3) all pipelines for the gathering, transportation or transmission of oil, gas, and other materials. *See* La. R.S. 49:214.25(A); *see also* Plaintiff's Petition, ¶ 19 – 25.

18.

The Parish has specifically included a list of the coastal use permits known to have been issued within the area of the complained-of activity that forms the basis of the lawsuit. *See* Plaintiff's Petition, ¶ 7 and Exhibit D.

19.

Cameron Parish has prayed for damages, restoration costs, and actual restoration in areas of the coastal zone subject to SLCRMA. As such, DNR's authority to enforce SLCRMA and seek the payment of restoration costs or require actual restoration of areas disturbed overlaps with the relief requested by Parish. More importantly, Act 544 requires that any monies received by a local governmental entity arising from or related to a coastal use permit, the enforcement of SLCRMA, or related to any use of the coastal zone subject to SLCRMA be used for integrated

coastal protection. Thus, intervention is necessary to ensure that the State of Louisiana's interests, through the statutory authority of DNR/OCM, are fully protected and that in the event that the Parish is awarded any damages or other relief, restoration is achieved in a manner consistent with state law, including but not limited to Part II of Title 49 of the Louisiana Revised Statutes – Louisiana Coastal Protection, Conservation, Restoration, and Management.

20.

The legislature gave both DNR and local governmental entities with approved local coastal management programs the authority to enforce SLCRMA with respect to coastal use permits issued by those entities, as well as for uses for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of such permit. La. R.S. 49:214.36.

21.

Likewise, the legislature also provided for the mission of the state as it relates to integrated coastal protection, stating:

> The state must act to develop, implement, and enforce a comprehensive integrated coastal protection plan. The state must act to ensure that the plan incorporates a systems approach to integrate hurricane protection and coastal restoration efforts in order to achieve long-term and comprehensive integrated coastal protection. Comprehensive integrated coastal protection must proceed in a manner that recognizes that the proper functioning of each protective element is critical to the overall success of the plan and that without such proper functioning the safety of the state and its citizens and the viability of the entire plan are threatened. Further, comprehensive integrated coastal protection must proceed in a manner that recognizes the powers and duties of political subdivisions, including flood protection authorities, and levee districts, to fund and manage local activities that are consistent with the goals of a comprehensive integrated coastal protection plan. The state must act to conserve, restore, create, and enhance wetlands and barrier shorelines or reefs in coastal Louisiana while encouraging use of coastal resources and recognizing that it is in the public interest of the people of Louisiana to establish a responsible balance between development and conservation. Management of renewable coastal resources must proceed in a manner that is consistent with and complementary to the efforts to establish a proper balance between development and conservation.

La. R.S. 49:214.1(C).

22.

This statutory scheme makes clear that, while the parishes have certain missions, powers, and duties pursuant to SLCRMA, the state, through the designated executive branch agencies and offices, is also charged with conserving and restoring Louisiana's coast and developing and implementing policies, plans, and programs to achieve comprehensive integrated coastal protection *statewide*. Thus, state and local governmental entities are charged with acting in

coordination and cooperation with each other in performing coastal restoration and hurricane protection. And while the state is tasked with the authority to "articulate a clear statement or priorities and to focus development and implementation of efforts to achieve comprehensive integrated coastal protection," La. R.S. 49:214.1(B), the independent authority of local governmental entities, including parishes, flood protection authorities, political subdivisions, and levee districts has also been maintained.

23.

Considering the constitutional and statutory structure set forth in Louisiana law, the executive branch agencies and offices responsible for the enforcement of the coastal zone management program and coastal protection and restoration have a real interest in ensuring the continued coordination of integrated coastal protection activities. The Louisiana Department of Natural Resources, Office of Coastal Management files this intervention in order to assert and protect those interests.

24.

The defendants are required to comply with all applicable state laws and regulations, including but not limited to SLCRMA. The defendants are also charged with complying with all terms and conditions of their coastal use permits issued pursuant to SLCRMA. To the extent there was a failure by the defendants to obtain permits required by law or to comply with the terms and conditions of their coastal use permits, there has been a violation of SLCRMA, subjecting the defendants to enforcement pursuant to La. R.S. 49:214.36.

25.

Louisiana Revised Statute 49:214.36 authorizes the assessment of damages, the payment of restoration costs, and actual restoration upon a determination of liability under SLCRMA, and La. R.S. 49:214.36(O) requires that recoverable damages be spent on integrated coastal protection.

**PRAYER FOR RELIEF**

WHEREFORE, the State of Louisiana through the Louisiana Department of Natural Resources, Office of Coastal Management and the Secretary of DNR, Thomas F. Harris, moves to intervene in this matter and pray that it be permitted to proceed as a party to this action, that after all parties have been duly cited to appear and answer and have been served with a copy of this Intervention, there be judgment in favor of Intervenor:

(1) That any party or parties found to be liable for violations of SLCRMA be assessed damages, the payment of restoration costs, and actual restoration of the coastal area, in addition to any other appropriate relief authorized by the State Local Coastal Resources Management Act, La. R.S. 49:214.21, *et seq.*, in accordance with La. R.S. 49:214.36 and specifically section 214.36(O);

(2) Ordering that any judgment requiring actual restoration of lands within the coastal area be consistent with La. R.S. 49:214.21, *et seq.*, and specifically La. R.S. 49:214.36(O), as well as the Hurricane Protection, Flood Control and Coastal Restoration Act, which requires that restoration be used for, and be consistent with, comprehensive integrated coastal protection, including hurricane protection, coastal conservation, or coastal restoration; and

(3) Ordering the payment of costs, reasonable attorneys' fees, and for full, general, and equitable relief pursuant to Louisiana law.

By attorneys:

J. BLAKE CANFIELD (#30426)
Executive Counsel
Department of Natural Resources
Post Office Box 94396
Baton Rouge, Louisiana 70804
(225) 342-2710 / (225) 342-5861 (fax) blake.canfield@la.gov

MEGAN K. TERRELL (Bar #29443)
Office of Governor John Bel Edwards
Governor's Office for Coastal Activities
900 North 3rd Street, Fourth Floor
Baton Rouge, Louisiana 70802
(225) 342-7669 / (225) 342-7099 (fax) megan.terrell2@la.gov

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

Debbie Savoie

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA